244 P.3d 950 (2010)
STATE of Washington, Respondent,
v.
Jason A. WILSON, Petitioner.
No. 83797-0.
Supreme Court of Washington, En Banc.
Argued October 26, 2010.
Decided December 23, 2010.
*951 Vanessa Mi-jo Lee, Attorney at Law, Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Petitioner.
Gerald R. Fuller, Grays Harbor County Prosecutor's Office, Montesano, WA, for Respondent.
C. JOHNSON, J.
¶ 1 In this case, we are asked to decide whether a mistake in an offender score calculation due to mischaracterization of a prior conviction constitutes legal or factual error. The trial court, in its calculation of an offender score, included as a felony what was actually a prior conviction for a gross misdemeanor. The Court of Appeals affirmed the sentence, though recognizing the mistake, reasoning that under RCW 9.94A.525(4), the anticipatory offense, if completed, would have been a felony. We reverse the Court of Appeals in its interpretation of RCW 9.94A.525(4) and hold that anticipatory offenses included in an offender score calculation under that subsection must be themselves felonies. We also hold that a mistake such as thisthe mischaracterization of a prior convictionis a legal mistake, and therefore the petitioner is entitled to be resentenced under the correct offender score.

FACTS
¶ 2 Jason Wilson pleaded guilty to two counts of identity theft in the second degree in Grays Harbor County. The statement of prosecuting attorney listed seven prior convictions, all of which were characterized as felonies. Clerk's Papers (CP) at 43-45. One of these is a violation of the Uniform Controlled Substances Act (UCSA), chapter 69.50 RCW, with "pled attempt" written in the margin. CP at 39. By including this UCSA violation, Wilson's offender score was calculated to be 8 and his standard sentencing range to be 33-43 months. Wilson initialed this section of the plea agreement, evidencing his agreement with the listed criminal history. CP at 40. Wilson was sentenced to 43 months on each count, to be served concurrently. CP at 49.
¶ 3 Following sentencing, Charles Clapperton, Wilson's attorney for the Grays Harbor County matter, was contacted by Jeannette Jameson, Wilson's attorney for another matter in King County. Ms. Jameson informed Mr. Clapperton that she believed Wilson had been improperly sentenced because the violation of UCSA was prosecuted as a gross misdemeanor, not a felony, and therefore his offender score had been incorrectly calculated.[1] Ms. Jameson included a copy of Wilson's judgment and sentence, which included a nonfelony on the attempted violation of the UCSA, and advised Mr. Clapperton to file a CrR 7.8 motion to correct the error so that Wilson could be resentenced using the correct range. CP at 61-65.
¶ 4 There is some suggestion that Wilson knew of the mistake at the time it was being made. The plea agreement (CP at 38-42) *952 and the statement of defendant on plea of guilty (CP at 30-37) both indicate that Wilson originally sought a sentencing hearing, but these handwritten sections were crossed out and initialed by Wilson. It was also Wilson who brought the matter to Ms. Jameson's attention. It appears his attorney, Mr. Clapperton, advised him to waive the hearing.[2] Wilson's trial attorney sought appointment of a new attorney to handle the sentencing problem, believing he would be a necessary witness and also recognizing the potential for an ineffective assistance of counsel claim. The trial court judge denied Mr. Clapperton's request.
¶ 5 At the motion hearing, the prosecutor argued that the plea deal was in part based on the presumed offender score and that Wilson's only potential remedy was to withdraw the guilty plea as a mutual mistake. The trial court judge agreed with the prosecutor, giving Wilson the choice of taking the plea deal or not, but refused to resentence based on the correct offender score.
¶ 6 The Court of Appeals, Division Two, agreed that the listed conviction was for a gross misdemeanor rather than a felony but ruled that his offender score was correct. The court, sua sponte, interpreted RCW 9.94A.525(4) to require the gross misdemeanor be treated as a felony. RCW 9.94A.525(4) instructs the trial court to "[s]core prior convictions for felony anticipatory offenses ... the same as if they were convictions for completed offenses." The appellate court interpreted this to mean that because Wilson's attempt, if completed, would be a felony, it should be scored as such and affirmed Wilson's sentence. State v. Wilson, noted at 151 Wash.App. 1044, 2009 WL 2469270 (2009). Mr. Wilson's motion for reconsideration was denied.
¶ 7 We granted Wilson's petition for review. State v. Wilson, 168 Wash.2d 1018, 228 P.3d 17 (2010).

ISSUES
1. Must an anticipatory offense be a felony to be included in computing an offender score under RCW 9.94A.525(4)?
2. Does an offender score based on an erroneously scored prior conviction constitute a factual or legal error?

ANALYSIS

1. Anticipatory felony offenses under RCW 9.94A.525(4)
¶ 8 We review questions of statutory construction de novo. State v. Roggenkamp, 153 Wash.2d 614, 621, 106 P.3d 196 (2005). Only if the language of a statute is amenable to more than one reasonable interpretation is it deemed ambiguous, and we then turn to legislative history, principles of statutory construction, and case law to guide our interpretation.
¶ 9 Both Wilson and the State agree that the Court of Appeals' interpretation of the statute is unsupported by normal rules of grammar. The subsection at issue in RCW 9.94A.525 states:
(4) Score prior convictions for felony anticipatory offenses (attempts, criminal solicitations, and criminal conspiracies) the same as if they were convictions for completed offenses.
(Emphasis added.)
¶ 10 RCW 9.94A.525 offers only one reasonable interpretation. When a noun is placed in front of another noun or phrase, the noun acts as an adjective to modify the noun or phrase that follows. THE Chicago Manual of Style 5.22 (16th ed.2010). "Felony" therefore modifies "anticipatory offense," requiring the anticipatory offense itself to be a felony, not a misdemeanor. To give the meaning the Court of Appeals chose, the statute would instead reference "anticipatory offenses of felonies."
¶ 11 The State further argues that a well-grounded rule of statutory interpretation counsels against the Court of Appeals' interpretation. The State argues that every word in a statute must be accorded meaning. See Roggenkamp, 153 Wash.2d at 621, 106 P.3d 196. According to the State, if the legislature intended for all anticipatory offenses to *953 be included in the offender score calculation, then the word "felony" would have no meaning within the statute. In essence, the word "felony" becomes superfluous. Because the statute cannot be interpreted to contain meaningless words, the State concludes that "felony" must be read to modify "anticipatory offense" and that such a reading requires that the offense itself constitute a felony. We agree with this interpretation and reverse the Court of Appeals on this issue and clarify that any anticipatory offenses counted in an offender's score must be felonies themselves, not merely associated with other crimes that are felonies.

2. An erroneously scored prior conviction is a legal error
¶ 12 The parties agree that the real issue in this case is whether an erroneously scored prior conviction constitutes a legal error, in which case Wilson is entitled to be resentenced, or a factual error, in which case Wilson may have waived any challenges. Our decision in In re Personal Restraint of Goodwin, 146 Wash.2d 861, 50 P.3d 618 (2002), controls the analysis.
¶ 13 In Goodwin, we held that, in general, a defendant cannot waive a challenge to a miscalculated offender score and that a sentence based on an improperly calculated score lacked statutory authority. A sentence that lacks statutory authority cannot stand, absent perhaps the factual waiver discussed below. The law in this area is well settled. "[A] sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice." Goodwin, 146 Wash.2d at 867-68, 50 P.3d 618 (citing In re Pers. Restraint of Johnson, 131 Wash.2d 558, 568, 933 P.2d 1019 (1997)); In re Pers. Restraint of Gardner, 94 Wash.2d 504, 507, 617 P.2d 1001 (1980) ("a plea bargaining agreement cannot exceed the statutory authority given to the courts"); In re Pers. Restraint of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980) (emphasis omitted) ("`[W]hen a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence, when the error is discovered.'") (quoting McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848 (1955)).
¶ 14 The facts of Goodwin are similar to those here. Defendant Goodwin's juvenile offenses were improperly included in his offender score, and Goodwin, just like Wilson, agreed to the calculation in a negotiated plea agreement. But the plea agreement did not waive the challenge, we reasoned, because a defendant cannot empower a sentencing court to exceed its statutory authorization. We did, however, establish limitations to our holding: "While waiver does not apply where the alleged sentencing error is a legal error leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Goodwin, 146 Wash.2d at 874, 50 P.3d 618. To explain the distinction, we discussed a case where waiver was found when the defendant stipulated to incorrect facts and another where the defendant argued for the first time on appeal that two of his convictions constituted the same criminal conduct. Goodwin, 146 Wash.2d at 874-75, 50 P.3d 618 (discussing State v. Majors, 94 Wash.2d 354, 616 P.2d 1237 (1980); State v. Nitsch, 100 Wash.App. 512, 997 P.2d 1000 (2000)). But in both instances, a factual determination would have been required, unlike here where the court need only examine the prior judgment and sentence to discover whether prior convictions involve misdemeanors or felonies.
¶ 15 The State argues that Wilson's offender score calculation is a factual dispute, and Mr. Wilson has therefore waived any challenge by accepting the plea agreement. However, in this case, whether the prior conviction is a felony or misdemeanor for purposes of sentencing is a legal dispute, with the status determined simply by reference to the specific statute underlying the conviction. The prior conviction is either for a felony or a misdemeanor, and it cannot be reclassified through any factual inquiry.[3]
*954 ¶ 16 The State analogizes this case to State v. Collins, 144 Wash.App. 547, 182 P.3d 1016 (2008), another situation with a plea deal and an agreement as to the offender's criminal history. Collins, however, is not helpful on this point because there the issue was whether the State needed to prove the comparability of out-of-state convictions. "Comparability is both a legal and a factual question." Collins, 144 Wash.App. at 553, 182 P.3d 1016 (citing State v. Morley, 134 Wash.2d 588, 605-06, 952 P.2d 167 (1998)). The Collins court reasoned that when a defendant affirmatively acknowledges the comparability of foreign convictions in his criminal history, the trial court needs no further proof. This comports with our decision in State v. Ross, 152 Wash.2d 220, 230-31, 95 P.3d 1225 (2004), which involved a similar challenge to out-of-state convictions and defendants who had affirmatively acknowledged comparability. Contrary to the State's argument, in this case no facts must be acknowledged, or compared, to determine whether a Washington conviction is a felony conviction and whether there is no dispute that the attempted violation of the UCSA is a gross misdemeanor.[4]
¶ 17 We agree with Wilson that prior conviction classifications are legal questions, and so an erroneously scored prior conviction presents a legal error and, not a factual error. "[T]he remedy for a miscalculated offender score is resentencing using the correct offender score." Ross, 152 Wash.2d at 228, 95 P.3d 1225 (citing State v. Ford, 137 Wash.2d 472, 485, 973 P.2d 452 (1999)).

CONCLUSION
¶ 18 We reject the Court of Appeals' interpretation of RCW 9.94A.545(4) and hold that, to be included in an offender score calculation under subsection (4), an anticipatory offense must itself be a felony. We hold that when an offender score is calculated based on the mischaracterization of a prior conviction, a legal mistake, not a factual mistake, occurs, and therefore the offender cannot waive a challenge. The remedy is to resentence using the correct offender score.
¶ 19 We reverse the Court of Appeals and remand for resentencing.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, GERRY L. ALEXANDER, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
NOTES
[1] Prosecutors have a choice of whether to charge an attempted violation of UCSA as a felony under RCW 69.50.407 or as an attempt to commit a crime under RCW 9A.28.020(3)(d) and RCW 69.50.401(2)(d), which results in a gross misdemeanor.
[2] RCW 9.94A.500(1) states: "Before imposing a sentence upon a defendant, the court shall conduct a sentencing hearing.... [T]he court shall specify the convictions it has found to exist."
[3] Because the State concedes the prior conviction involved a gross misdemeanor and agrees that the Court of Appeals' interpretation of RCW 9.94A.525(4) was incorrect, it is arguably collaterally estopped from arguing that the actual mistake was made at the trial court level in not charging the violation of the UCSA as a felony. The State, like a defendant, is precluded from reopening prior convictions for reclassification. State v. Sherwood, 71 Wash.App. 481, 488-89, 860 P.2d 407 (1993) (citing State v. Jones, 110 Wash.2d 74, 77-79, 750 P.2d 620 (1988); State v. Ammons, 105 Wash.2d 175, 187-89, 713 P.2d 719, 718 P.2d 796 (1986); State v. Blakey, 61 Wash.App. 595, 599, 811 P.2d 965 (1991)).
[4] The State also argues that the error must be facially apparent on the current judgment and sentence. It is unclear why the State thinks this is so. In Ross, we discussed that Goodwin contained obvious errors, and that a defendant would need to show "that an error of fact or law exists within the four corners of his judgment and sentence" to invoke the waiver analysis in Goodwin. Ross, 152 Wash.2d at 231, 95 P.3d 1225. Neither petitioner in Ross could show any error whatsoever, but Mr. Wilson has already done so, and the State admits the error. Or, the State may be thinking of RCW 10.73.090, which prohibits a collateral attack more than one year after a final judgment if the judgment and sentence is valid on its face, but this is not an instance of collateral attack as Mr. Wilson directly appealed.