IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34038-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAXWELL DELVON JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Maxwell Jones appeals his sentence following a bench trial at

which he was convicted of first degree robbery, arguing the State failed to show that

convictions included in his offender score had not washed out or did not constitute the

same criminal conduct. He makes a related argument that his trial lawyer provided

ineffective assistance when he failed to challenge the offender score used by the court.

As Mr. Jones fails to demonstrate that a sentencing error actually occurred, or that he was

prejudiced by his lawyer's failure to object, we affirm.

FACTS AND PROCEDURAL BACKGROUND

The State charged Maxwell Jones with one count of first degree robbery and one

count of second degree assault on April 5, 2013. Following a bench trial, the trial court

convicted Mr. Jones of first degree robbery, but acquitted him on the assault charge.

At sentencing, the State presented a document entitled "Understanding of Defendant's Criminal History," which contained the following information:

| Crime | Date of Crime | Crime Type | Adult or Juv | Place of Conviction | Sent. Date |
|-------|---------------|------------|--------------|---------------------|------------|
| FELON POSS FIREARM | 080612 | | A | US DISTRICT OF EASTERN WASHINGTON | 111814 |
| FELON POSS FIREARM | 042012 | | A | US DISTRICT OF EASTERN WASHINGTON | 111814 |
| FELON POSS FIREARM | 102811 | | A | US DISTRICT OF EASTERN WASHINGTON | 111814 |
| PCS CONSP | 122511 | DRUG | A | SPOKANE CO, WA | 062712 |
| POSS WEAPON | 021005 | | A | US DISTRICT OF EASTERN WASHINGTON | 032106 |
| PSP 2 | 090303 | NV | A | SPOKANE CO, WA | 121703 |
| DCS CONSP | 011703 | DRUG | A | SPOKANE CO, WA | 112603 |
| DCS CONSP | 011703 | DRUG | A | SPOKANE CO, WA | 112603 |
| ROBBERY 2 | 030403 | V | A | SPOKANE CO, WA | 112403 |
| ASSAULT 2 ATT | 062601 | V | A | SPOKANE CO, WA | 112403 |

Clerk's Papers (CP) at 47-48.

Mr. Jones's counsel signed this document, but noted above his signature that Mr. Jones refused to sign it because he believed the conspiracy to possess a controlled substance conviction from June 27, 2012, was a misdemeanor rather than a felony. The trial court located the guilty plea for that crime and concluded it was a felony. Defense counsel raised no other challenges to the statement of criminal history.

2

Based on the statement of criminal history, the State calculated Mr. Jones's

offender score at a 9+ (12 to be exact). The court then asked: "Are you disputing that

he's a 9-plus?" Report of Proceedings (RP) at 204. Defense counsel responded: "No,

Your Honor." *Id.* The trial court found the standard range for first degree robbery based

on an offender score of 9+ was 129 to 171 months, and sentenced him to 171 months.

Mr. Jones appeals.

## ANALYSIS

Mr. Jones makes two assignments of error on appeal: (1) his offender score was

miscalculated, and (2) he received ineffective assistance of counsel at sentencing.

### *1. Offender score*

A defendant's offender score, together with the seriousness level of his current

offense, dictates the standard sentence range used in determining his sentence. RCW

9.94A.530(1). To calculate the offender score, the court relies on its determination of the

defendant's criminal history, which the Sentencing Reform Act of 1981 (SRA), chapter

9.94A RCW, defines as "the list of a defendant's prior convictions and juvenile

adjudications, whether in this state, in federal court, or elsewhere." RCW 9.94A.030(11).

Prior convictions result in offender score "points" as outlined in RCW 9.94A.525. They

will not result in additional points in the offender score if they have "washed out" due to

time spent in the community without committing further crimes. Prior convictions for

class B felonies are not included in the offender score

3

> if since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without committing any crime that subsequently results in a conviction.

RCW 9.94A.525(2)(b). The same terms apply to class C felonies, though they wash out in five years. RCW 9.94A.525(2)(c). We review offender score calculations de novo. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010).

"In determining the proper offender score, the court 'may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing.'" *State v. Hunley*, 175 Wn.2d 901, 909, 287 P.3d 584 (2012) (quoting RCW 9.94A.530(2)). "[T]he State bears the burden to prove the existence of prior convictions by a preponderance of the evidence." *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). "This reflects fundamental principles of due process, which require that a sentencing court base its decision on information bearing '"some minimal indicium of reliability *beyond mere allegation*."'" *Id.* at 920 (quoting *State v. Ford*, 137 Wn.2d 472, 481, 973 P.2d 452 (1999)).

The need for the State to produce evidence may be obviated where there is "an *affirmative* acknowledgment by the defendant of *facts and information* introduced for the purposes of sentencing." *Mendoza*, 165 Wn.2d at 928. "The mere failure to object to a prosecutor's assertions of criminal history does not constitute such an acknowledgment." *Id.* "Nor is a defendant deemed to have affirmatively acknowledged the prosecutor's

4

asserted criminal history based on his agreement with the ultimate sentencing recommendation." *Id.*

"Our Supreme Court has held, as a limit on what can be effectively acknowledged by a defendant, that 'a defendant cannot agree to punishment in excess of that which the Legislature has established.'" *State v. Zamudio*, 192 Wn. App. 503, 508, 368 P.3d 222 (2016) (quoting *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002)). "It has also recognized this type of sentencing error as a non-rule-based exception to RAP 2.5(a), which provides, generally, that errors cannot be raised for the first time on appeal." *Id.* at 508.

But there are limitations on the Supreme Court's holding that a defendant cannot agree to a sentence in excess of statutory authority. While a defendant cannot waive *legal errors* that lead to an excessive sentence, "waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *Goodwin*, 146 Wn.2d at 874. The application of the waiver analysis outlined in *Goodwin* depends on the defendant's ability to show that a sentencing error was actually made, and not merely that one might have been made. *State v. Ross*, 152 Wn.2d 220, 231, 95 P.3d 1225 (2004) (holding that "[t]o invoke the waiver analysis set forth in *Goodwin*, a defendant must first show on appeal . . . that an error of fact or law exists within the four corners of his judgment and sentence"); *Mendoza*, 165 Wn.2d at 927-28 (requiring the defendant to show an obvious error of fact

5

or law within the four corners of the sentence); *cf. State v. Wilson*, 170 Wn.2d 682, 690 n.4, 244 P.3d 950 (2010) (indicating that the defendant is required to establish that an error in fact occurred, regardless of whether that error is apparent from the face of the judgment and sentence).

Mr. Jones made a very limited objection at sentencing. He argued his conviction for conspiracy to possess a controlled substance from June 27, 2012, was a misdemeanor rather than a felony. But even after the trial court obtained the plea document for that crime, Mr. Jones appears to have refused to sign the State's summary of his criminal history. The issues of class C felonies washing out or of certain convictions constituting the same criminal conduct were not raised. Whether two convictions constitute the same criminal conduct involves "factual determinations and the exercise of discretion" and may not be raised for the first time on appeal. *State v. Nitsch*, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000). We, therefore, decline to review Mr. Jones's challenge on that issue. However, whether certain felony convictions have washed out involves legal error, which Mr. Jones may raise if he shows that a sentencing error actually occurred. *See Ross*, 152 Wn.2d at 231. This requires an analysis of each prior conviction.

  a. Three Convictions for Felon in Possession of a Firearm—3 Points

Mr. Jones was convicted of committing three counts of felon in possession of a firearm on October 28, 2011, April 20, 2012, and August 6, 2012, respectively. He was sentenced for all three convictions on November 18, 2014. The record does not contain

the statute under which Mr. Jones was convicted of those crimes, but presumably it was 18 U.S.C. § 922. Under 18 U.S.C. § 922(g), it is "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

"Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). Under RCW 9.41.040(1)(b), unlawful possession of a firearm in the first degree is a class B felony, punishable by imprisonment of more than 8 years but less than 20 years. RCW 9A.20.040(2). Mr. Jones does not appear to argue that his 3 convictions for felon in possession of a firearm washed out or constituted the same criminal conduct. Accordingly, as Mr. Jones's present conviction was for first degree robbery—a class A felony that constitutes a violent offense—and these appear to be nonviolent adult felony convictions, each adds one point to Mr. Jones's offender score. RCW 9A.56.200(2); RCW 9.94A.030(55)(a)(i); RCW 9.94A.525(8).

b. Conspiracy to Commit Possession of a Controlled Substance—1 Point

Mr. Jones's crime of conspiracy to possess a controlled substance was committed on December 25, 2011. He was sentenced on June 27, 2012. Possession of a controlled substance is a class C felony punishable by up to five years' imprisonment. RCW

7

69.50.4013(2); RCW 9A.20.020(1)(c). Where a defendant is charged with conspiracy under the Uniform Controlled Substances Act, chapter 69.50 RCW—rather than under Title 9A RCW, a statute that deals with conspiracy in general—then RCW 9A.28.010, which relates to prosecutions of felonies defined outside of Title 9A RCW, applies. RCW 9A.28.010 states:

> In any prosecution under this title for . . . conspiracy to commit a felony defined by a statute of this state which is not in this title, unless otherwise provided:
>
> . . . .
> (3) If the maximum sentence of imprisonment authorized by law upon conviction of such felony is less than eight years, such felony shall be treated as a class C felony for purposes of this title.

Under the SRA, the maximum penalty for a drug conspiracy is set by the maximum penalty for the offense that is the object of the conspiracy. RCW 69.50.407. As noted, the maximum penalty for possession of a controlled substance is five years. The same maximum penalty therefore applies to the analogous conspiracy conviction. Because this penalty is more than one year but less than eight, Mr. Jones's conviction for conspiracy to possess a controlled substance is a class C felony.

As earlier discussed, class C felonies wash out in five years. RCW 9.94A.525(2)(c). It is unclear when Mr. Jones was released from confinement on this offense, but he was sentenced on June 27, 2012. His sentencing for the three federal

8

felon in possession of a firearm convictions occurred on November 18, 2014, resetting the five-year clock. Presuming that he served no time and was released from incarceration on November 18, 2014, the washout period would end November 18, 2019. This conviction, therefore, has not washed out and was properly included as one point in the offender score. *See* RCW 9.94A.525(8).

c. Possession of a Dangerous Weapon—1 Point

Mr. Jones committed the crime of possession of a dangerous weapon on February 10, 2005, and was sentenced on March 21, 2006. The nature of this crime is unclear. It might have been a conviction for possession of a firearm after being convicted of a felony under 18 U.S.C. § 922(g).

However, as Mr. Jones testified to being in prison from 2003 to 2008, it is more likely the crime committed was under 18 U.S.C. § 1791, which relates to convictions for possession, while in prison, of an object intended to be used as a weapon. 18 U.S.C. § 1791(a), (d)(1)(B). An offense under this statute is comparable to an offense under RCW 9.94.040 for possessing any weapon while in a state correctional institution, which is a class B felony, or while in a county or local correctional institution, which is a class C felony.

If this was a class B felony, the washout period is 10 years. RCW 9.94A.525(2)(b). Accepting Mr. Jones's testimony that he was released in 2008, the washout period would not end until 2018. And as Mr. Jones was sentenced for other felonies in 2012 and 2014,

9

the washout period reset, and would not have ended until 2024. Thus, if the offense was a class B felony, it did not wash out. And as it does not appear to be a violent offense, it adds one point to Mr. Jones's offender score. RCW 9.94A.525(8); RCW 9.94A.030(55).

If this was, instead, a class C felony, the washout period would be five years. Again accepting Mr. Jones's testimony that he was released in 2008, the washout period would not end until 2013. But he was convicted of a felony in 2012, which reset the clock to 2017. His subsequent felonies in 2014 again reset the clock to 2019. Thus, under any scenario, this crime did not wash out, and counts as one point in Mr. Jones's offender score.

d. Second Degree Possession of Stolen Property—1 Point

Mr. Jones committed the crime of second degree possession of stolen property on September 3, 2003, and was sentenced on December 17, 2003. Second degree possession of stolen property is a class C felony. RCW 9A.56.160(2). The washout period is therefore five years. Assuming Mr. Jones served no time on this crime, the conviction would have washed out on December 17, 2008. However, Mr. Jones was convicted and sentenced for the felony possession of a weapon on March 21, 2006, and his testimony

10

indicates he was incarcerated until 2008, which extended the washout period to 2013. But he was convicted and sentenced for conspiracy to possess a controlled substance in 2012, again extending the washout period to 2017. At sentencing this crime had not washed out, and as a nonviolent felony offense, it added one point to Mr. Jones's offender score.

e. Two Convictions for Conspiracy to Deliver a Controlled Substance—2 Points

Mr. Jones was convicted and sentenced for two counts of conspiracy to deliver a controlled substance on November 26, 2003. Mr. Jones testified that the charges were for possession of methamphetamine and ecstasy.

Delivery of methamphetamine is a class B felony with a maximum sentence of 10 years of incarceration. RCW 69.50.401(2)(b). As previously stated, where a conspiracy is charged under the Uniform Controlled Substances Act, RCW 9A.28.010 applies. Under that statute, if the maximum sentence for the offense that is the object of the conspiracy is 8 years or more but less than 20 years, it is a class B felony, and the washout period is 10 years. RCW 9A.28.010(2); RCW 9.94A.525(2)(b). Again, Mr. Jones testified to being in prison until 2008, meaning the conviction would not wash out until 2018. As such, this conviction was properly included as one point in Mr. Jones's offender score. *See* RCW 9.94A.525(8).

Ecstasy (methylenedioxymethamphetamine) is a Schedule I controlled substance, delivery of which is a class C felony with a maximum penalty of five years of

11

incarceration. RCW 69.50.401(2)(c); RCW 69.50.204(c)(11); RCW 9A.20.021(1)(c). As the sentence is less than eight years, the conspiracy to deliver ecstasy is a class C felony, for which the washout period is five years. RCW 9A.28.010(3); RCW 9.94A.525(2)(c). If Mr. Jones was released from incarceration in 2008, this felony would not wash out until 2013. But Mr. Jones was convicted and sentenced for conspiracy to possess a controlled substance in 2012, which reset the clock to 2017. Thus, this felony was also properly included as one point in Mr. Jones's offender score. *See* RCW 9.94A.525(8).

f. Second Degree Robbery—2 Points

Mr. Jones committed second degree robbery on March 4, 2003, and was sentenced on November 24, 2003. Second degree robbery is a class B felony, with a washout period of 10 years. RCW 9A.56.210(2); RCW 9.94A.525(2)(b). As Mr. Jones was not released from prison until 2008, the conviction will not wash out until 2018. Because second degree robbery is classified as a violent offense, it counts as two points in Mr. Jones's offender score. RCW 9.94A.030(55)(xi); RCW 9.94A.525(8).

g. Attempted Second Degree Assault—2 Points

Mr. Jones committed second degree attempted assault on June 26, 2001, and was sentenced on that charge on November 24, 2003. Second degree assault is a class B felony, with a maximum sentence of 10 years. RCW 9A.36.021(2)(a); RCW

12

9A.20.021(1)(b). However, because an attempt to commit a class B felony is categorized as a class C felony, the washout period is 5 years. RCW 9A.28.020(3)(c); RCW 9.94A.525(2)(c). As previously discussed, because Mr. Jones was not released from prison until 2008, this conviction would not wash out until 2013. Mr. Jones's 2012 conviction for conspiracy to possess a controlled substance reset the washout clock to 2017. This conviction had not washed out at the time of sentencing.

Second degree assault is a violent offense. RCW 9.94A.030(55)(viii). Under RCW 9.94A.525(4), felony anticipatory offenses (such as attempt) must be scored "the same as if they were convictions for completed offenses." Because prior violent offenses count as two points when the current offense is a violent offense, this conviction for attempt adds two points to the offender score. *See* RCW 9.94A.525(8).

The above analysis shows that Mr. Jones's offender score is 12. Mr. Jones has therefore failed to show that an error was actually made and he may not raise this issue for the first time on appeal.

### 2. Ineffective assistance of counsel

Mr. Jones argues he received ineffective assistance of counsel when his attorney failed to assert that the two convictions for conspiracy to deliver a controlled substance constituted the same criminal conduct for the purposes of sentencing, and that four of the class C felonies had washed out.

13

"In order to prove ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that prejudice resulted." *State v. Levy*, 156 Wn.2d 709, 729, 132 P.3d 1076 (2006). A failure to demonstrate either deficient performance or prejudice defeats an ineffective assistance claim. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *see also Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A claim of ineffective assistance of counsel presents a mixed question of fact and law reviewed de novo." *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

As detailed above, the record does not show that any of Mr. Jones's prior convictions had washed out. Because Mr. Jones "points to no apparent invalidity on the face of the judgment and sentence and falls short in his attempt to assert an incorrect offender score," he has not shown that counsel was ineffective. *State v. Foster*, 140 Wn. App. 266, 277, 166 P.3d 726 (2007).

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In a pro se statement of additional grounds for review (SAG), Mr. Jones raises two.

*SAG 1: Unconstitutional prior convictions.* Mr. Jones argues that the Ninth Circuit found four of his prior state criminal convictions unconstitutional, and that the trial court in the instant matter improperly included those unconstitutional convictions in his offender score. This issue involves factual allegations outside the record of this

14

appeal. Mr. Jones's remedy is to seek relief by personal restraint petition. *See State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

*SAG 2: First degree robbery with a deadly weapon.* Mr. Jones contends the trial court improperly found he committed first degree robbery with a deadly weapon when the "deadly weapon" was actually a cigarette lighter in the shape of a gun. He asserts that the proper charge would have been second degree robbery.

Under RCW 9A.56.200, "[a] person is guilty of robbery in the first degree if . . . [i]n the commission of a robbery . . . he . . . [d]isplays what appears to be a firearm or other deadly weapon." RCW 9A.56.200(1)(a)(ii). Whether an instrument appears to be a firearm or deadly weapon is based on the *victim's* perspective, regardless of "whether the weapon is actually loaded and operable or not, [or] whether the weapon is real or toy." *State v. Henderson*, 34 Wn. App. 865, 868, 664 P.2d 1291 (1983); *see also State v. Webb*, 162 Wn. App. 195, 205, 252 P.3d 424 (2011). Blane Peterson, the victim, testified that Mr. Jones put a small silver gun to his ribs. Testimony from a detective also shows that the cigarette lighter is three to four inches from the hammer to the front of the gun and initially appears to be a firearm, which supports Mr. Peterson's belief that it was a gun. The record contains sufficient evidence for a finding that Mr. Jones displayed what appeared to be a firearm as required by RCW 9A.56.200. There was no error.

15

No. 34038-4-III
*State v. Jones*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.

16