IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55065-2-II |
| Respondent. | |
| v. | |
| ZACHARY MATTHEW YATES, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Zachary Matthew Yates appeals his sentence for one count of failing to register as a sex offender. Yates argues that in light of our Supreme Court's holding in *State v. Blake*,[1] his prior convictions for possession of controlled substances are constitutionally invalid. Yates argues that the superior court therefore miscalculated his offender score, and he requests his sentence be vacated and the case remanded for resentencing. The State concedes this issue. We accept the State's concession, vacate Yates's sentence, and remand for resentencing.[2]

FACTS

In June 2020, Yates pleaded guilty to one count of failure to register as a sex offender. As part of the terms of the plea agreement, the State recommended Yates serve a standard range sentence of 43 months in prison and 36 months in community custody. The State based the standard range on Yates's offender score, which was 9+. Yates accumulated a total offender

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021) (holding that RCW 69.50.4013(1)—the simple drug possession statue—violated due process).

[2] Yates also argues for the first time on appeal that the superior court erred in imposing a community custody supervision fee because he is indigent. Because we vacate and remand for resentencing, we do not reach the parties' arguments on the community custody supervision fee. Yates may raise this argument at his resentencing hearing.

score of 16 points over 22 years.[3]  Seven of those points are for violations of the Uniform Controlled Substances Act.

About two weeks before Yates's sentencing hearing in this case, Yates received a 57-month confinement sentence for a previous conviction.  At the sentencing hearing in this case, Yates argued that the 43-month confinement he pleaded to here should run concurrently with the previous 57-month sentence.  Yates argued that under RCW 9.94A.589(3),[4] his sentence should run concurrently because although Yates had already pleaded guilty to the previous charge, he "was not under sentence for those charges" when he committed the failure to register felony.  Verbatim Report of Proceedings (VRP) (June 24, 2020) at 5-6.  The State argued that aggravating circumstances allowed "for a departure from those guidelines."  VRP (June 24, 2020) at 8.  The State argued that running the sentences concurrently would permit crimes to go unpunished.  VRP (June 24, 2020) at 8.

The superior court agreed with the State.  With an offender score exceeding 9+ and noting the "shear [sic] number of convictions [Yates] had," the superior court sentenced Yates to 43 months confinement to be served consecutively to the prior sentence.  VRP (July 2, 2020) at 5-6.  The court also imposed 36 months in community custody, and legal financial obligations, including community custody supervision fees as determined by the Department of Corrections.

Yates appeals.

---

[3] According to the final judgement and sentence, Yates's offender score is 16 points.

[4] RCW 9.94A.589(3) states, in relevant part, "[W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that the confinement terms be served consecutively to each other."  RCW 9.94A.589(3).

ANALYSIS

I. SENTENCING

Yates argues that the superior court erred when it ordered his 43-month sentence to run consecutively to his prior 57-month sentence because the court's decision was based on a miscalculated offender score. Yates argues his prior drug convictions cannot be included in his offender score because those convictions are constitutionally invalid. Therefore, his sentence must be vacated and remanded. We agree.

We review a sentencing court's calculation of an offender score de novo. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). At sentencing, when a court is presented with a defendant who has multiple current offenses and an offender score greater than nine, the court may apply an exceptional sentence so that current offenses do not go unpunished. *See* RCW 9.94A.535(2)(c). The court may decide the terms of the confinement be served consecutively with a previous felony sentence as a type of exceptional sentence. RCW 9.94A.589(3).

A defendant cannot be convicted based on a void statute, and a voided conviction cannot be included in a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986) *amended on recons.* Order Changing Opinion, *State v. Ammons*, Nos. 51550-6, 51580-8, 51587-5 (Wash. May 13, 1986); *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005); *see also State v. Rice*, 174 Wn.2d 884, 893, 279 P.3d 849 (2012). When a sentence is based on a miscalculated offender score, the remedy is resentencing using the correct offender score. *State v. Wilson*, 170 Wn.2d 682, 690, 244 P.3d 950 (2010) (citing *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004)). The voided statute at issue here is Washington's strict liability drug possession statute: RCW 69.50.4013(1). In *Blake*, our Supreme Court held

that RCW 69.50.4013(1) is void because it violates state and federal due process clauses. 197 Wn.2d at 195.

Under *Blake*, Yates's seven drug possession violations are void and must be removed from his offender score. This reduces his score to 9 points. Accordingly, Yates's final judgement and sentence is invalid because his offender score does not exceed 9 points. This also renders Yates's free crimes sentence enhancement inapplicable under RCW 9.94A.535(2)(c). The State concedes that the sentence should be vacated and remanded for resentencing. We accept the State's concession and vacate Yates's sentence.

We vacate Yates's sentence and remand for resentencing. At resentencing, Yates may argue that the court should not impose the community custody supervision fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, A.C.J.

We concur:

Sutton, J.

Veljacic, J.

4