**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57546-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOSEPH ALLEN CAMPBELL, | |
| Appellant. | |

CHE, J. — Joseph Allen Campbell seeks to withdraw his guilty plea.

Campbell pleaded guilty to one count of second degree rape of a child. The trial court imposed a sentence based on an offender score of 2, which included one point for committing the current offense while on community placement under RCW 9.94A.360.

Campbell appeals, arguing that his guilty plea was not knowing, intelligent, and voluntary as it was based on an incorrect offender score. In a statement of additional grounds (SAG), Campbell also argues that he received ineffective assistance of counsel.

We hold that (1) the trial court erred by using an incorrect offender score to sentence Campbell, (2) Campbell is not entitled to withdraw his guilty plea, but he is entitled to resentencing using a correct offender score, and (3) Campbell did not receive ineffective assistance of counsel.

Accordingly, we affirm the conviction and remand to the trial court for resentencing using Campbell's correct offender score.

FACTS

In 2003, the State charged Campbell with second degree rape of a child. The information identified minor VKF (DOB 5/18/90) as the victim. But the probable cause certificate appeared to identify a different individual, minor FGK (DOB 7/20/90), as both a witness and the victim. SAG Ex. 1. Campbell pleaded guilty to second degree rape of a child. In Campbell's statement on plea of guilty, he wrote that he "had sexual intercourse with a 12 year old minor DOB (5/18/90)" when "[he] was 18 years old." Clerk's Papers (CP) at 7. He did not name the victim, however.

Both Campbell's statement on plea of guilty and the plea agreement reflected an offender score of 0 and the corresponding standard sentence range. Campbell's statement on plea of guilty acknowledged that "both the standard sentence range and the prosecuting attorney's recommendation may increase" if the State discovered additional criminal history. CP at 3. Campbell acknowledged that his guilty plea would nevertheless be binding.

Campbell signed the guilty plea statement, attesting that his lawyer had explained the plea and that he understood it and had no further questions. Campbell also attested that he made the plea "freely and voluntarily." CP at 7. Campbell's attorney signed the statement, declaring that he had discussed the statement with Campbell and believed Campbell was, "competent and fully understands the statement." CP at 7. The trial court found Campbell's guilty plea "knowingly, intelligently and voluntarily made" and that Campbell understood "the charges and the consequences of the plea." CP at 8.

Before sentencing, the State discovered that Campbell's criminal history contained three prior nonviolent juvenile offenses, totaling 1.5 points. Additionally, Campbell was on juvenile

probation when he committed his offense. Therefore, the trial court added one additional point because it believed that Campbell committed his offense while on community placement. The trial court sentenced Campbell using an offender score of 2. It imposed 125 months to be served through the Special Sexual Offender Sentencing Alternative (SSOSA). The trial court later revoked Campbell's SSOSA and sentenced him to 125 months to life. *In re Pers. Restraint of Campbell*, 27 Wn. App. 2d 251, 253, 533 P.3d 144 (2023).

Campbell appeals.[1]

## ANALYSIS

### I. WITHDRAWAL OF GUILTY PLEA

Campbell argues that his guilty plea was not knowing, intelligent, and voluntary because the trial court erroneously added one point for community placement, thereby sentencing him using an incorrect offender score. He seeks to withdraw his guilty plea as his chosen remedy. The State concedes that Campbell's offender score is incorrect but argues he is entitled only to resentencing using a correct offender score. We accept the State's concession that the trial court sentenced Campbell using the incorrect offender score. But we conclude Campbell's guilty plea was knowing, intelligent, and voluntary, and that the error here is a factual one, such that he is not entitled to withdraw his guilty plea. Instead, Campbell is entitled to resentencing using a correct offender score.

---

[1] Campbell filed his notice of appeal on November 4, 2022, nearly 20 years after entry of the judgment and sentence. The commissioner granted Campbell's motion to file a late notice of appeal pursuant to RAP 18.8(b).

A.      *Offender Score Calculation*

The sentence imposed by the trial court must be statutorily authorized.  *In re Pers. Restraint of Schorr*, 191 Wn.2d 315, 322, 422 P.3d 451 (2018).  We review offender score calculations de novo.  *State v. Griepsma*, 17 Wn. App. 2d 606, 619, 490 P.3d 239 (2021).  RCW 9.94A.525 governs the offender score calculation.  The trial court must add one point to a defendant's offender score if they are under community placement when they commit their offense.  Former RCW 9.94A.525(17) (2002).  Community placement is defined as the "period during which the offender is subject to the conditions of community custody and/or postrelease supervision."  Former RCW 9.94A.030(7) (2002).  Community placement is not available for juvenile offenses.  *See* former RCW 9.94A.030(7) (2002).

Here, Campbell's juvenile probation did not qualify as community placement under former RCW 9.94A.030(7).  Thus, the trial court erred by adding one point to Campbell's offender score calculation and Campbell is entitled to a remedy.

B.      *Campbell's Plea is Knowing, Intelligent, and Voluntary, and Campbell Is Entitled Only to Resentencing Using a Correct Offender Score*

Campbell seeks to withdraw his guilty plea, arguing that the erroneous offender score rendered his plea not knowing, voluntary, and intelligent.  The State responds that the remedy for an erroneous offender score is resentencing with a correct offender score, not withdrawal of the plea.  Given the facts of this case, we agree with the State.

"Due process requires that a defendant's guilty plea must be knowing, intelligent, and voluntary."  *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008).  When guilty pleas are voluntarily and intelligently made, there is a strong public interest in their enforcement.  *Id.*

4

There is a strong presumption that a plea is voluntary if "'a defendant completes a plea statement and admits to reading, understanding, and signing it.'" *State v. D.G.A.*, 25 Wn. App. 2d 860, 864, 525 P.3d 995, *review denied*, 534 P.3d 802 (2023) (quoting *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998)). We determine whether a plea is knowingly, intelligently, and voluntarily made based on the totality of circumstances. *State v. Snider*, 199 Wn.2d 435, 444, 508 P.3d 1014 (2022). The State bears the burden of proving a guilty plea is valid. *State v. Ross*, 129 Wn.2d 279, 283, 916 P.2d 405 (1996).

Plea agreements are regarded and interpreted as contracts between the parties and the parties are bound by the terms of a valid plea agreement. *Codiga*, 162 Wn.2d at 922. Under CrR 4.2(f), a defendant may withdraw their guilty plea when it appears necessary to correct a manifest injustice. *Id.* at 922-23. Involuntary pleas can amount to a manifest injustice. *Id.* at 923. The defendant carries the burden of proving manifest injustice. *Ross*, 129 Wn.2d at 283.

It is uncontested that Campbell read and signed his guilty plea statement, attesting that he discussed all the paragraphs with his attorney, understood its terms, and entered the plea "freely and voluntarily." CP at 7. Campbell's attorney attested that the attorney discussed the guilty plea with Campbell and believed Campbell was competent and fully understood the guilty plea. The trial court found Campbell's plea was "knowingly, intelligently and voluntarily made" and Campbell "underst[ood] the charges and the consequences of the plea." CP at 8. This creates a strong presumption that Campbell's plea was voluntary.

Campbell, however, argues that the erroneous offender score rendered his plea not knowing, voluntary, and intelligent. He relies on *Codiga* for the proposition that because his

5

offender score is incorrect, which is a legal error, his choice of remedy—withdrawal of his plea—controls.

In *Codiga*, our Supreme Court discussed cases in which it had held that a mutual mistake made by the parties at the time the plea was entered or negotiated—regarding the standard sentence range or offender score—caused the plea to be involuntary such that it *could* be withdrawn. *Codiga*, 162 Wn.2d at 925. The court recognized "a distinction between instances where the mistake was a factual one involving the defendant's criminal history and instances where the defendant completely and correctly revealed [their] criminal history, but the attorneys made a legal mistake as to the resulting sentencing range for the current crime." *Codiga*, 162 Wn.2d at 926. The defendant should not be burdened with assuming the risk of a legal mistake where their criminal history is correct and complete, but counsel miscalculates the resulting offender score. *Id.* at 929. But where the defendant does not disclose their correct or complete criminal history, as was the case in *Codiga*, they assume the risk of additional criminal history being discovered that would impact their offender score and fail to establish a manifest injustice to allow withdrawal of their guilty plea. *Id.* at 928, 930.

Like Codiga, Campbell failed to disclose his entire criminal history and he has not claimed that he presented his entire criminal history to his attorney or the State prior to the entry of his guilty plea. *Id.* at 930. Thus, Campbell assumed the risk of his additional criminal history that was discovered, which resulted in a higher offender score than anticipated by the plea agreement. Campbell characterizes the miscalculation of his further discovered criminal history as a "legal error," but he disregards that he first failed to disclose his entire and correct criminal history, which is a factual mistake. Because this is an instance of a factual mistake regarding

6

Campbell's criminal history, he fails to establish manifest injustice sufficient to warrant withdrawal of his guilty plea. *See Id.* at 930.

Campbell does not show that withdrawal of his guilty plea is necessary to correct a manifest injustice, but he is nonetheless entitled to resentencing. *See State v. Wilson*, 170 Wn.2d 682, 690, 244 P.3d 950 (2010) ("'[T]he remedy for a miscalculated offender score is resentencing using a correct offender score'" (quoting *Ross*, 152 Wn.2d at 228)).

Additionally, *Codiga* does not stand for the proposition that a guilty plea must be withdrawn under Campbell's circumstance where he failed to disclose his criminal record, the court erroneously included one point for community placement, and it sentenced Campbell using the incorrect offender score. Campbell provides no persuasive authority supporting his chosen remedy. Moreover, our Supreme Court has articulated that the proper remedy for a sentence based on a miscalculated offender score is resentencing using a correct offender score. *Wilson*, 170 Wn.2d at 690. Thus, we hold the remedy for Campbell's miscalculated offender score is to remand for resentencing based on a correct offender score.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his SAG, Campbell argues that defense counsel was ineffective in several ways. He first asserts that counsel rendered ineffective assistance by failing to inform him that both the certificate of probable cause and the information identified different persons as the victim of the sex offense. Specifically, Campbell claims that had he been informed of the discrepancy of the named victims, he would not have pleaded guilty and would have instead proceeded to trial. We disagree. As explained below, we do not reach Campbell's other SAG arguments.

7

A.    *Legal Principles*

Defendants are entitled to effective assistance of counsel under both the United States and Washington Constitutions.  *State v. Lopez*, 190 Wn.2d 104, 115, 410 P.3d 1117 (2018).  To overcome the "strong presumption" that counsel is effective, a defendant must show that defense counsel's representation "fell below an objective standard of reasonableness based on consideration of all the circumstances" and that counsel's deficient representation prejudiced the defendant.  *State v. Vazquez*, 198 Wn.2d 239, 247-48, 494 P.3d 424 (2021).  Failure to prove either prong of the test ends the inquiry.  *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

To satisfy the prejudice prong, "a defendant challenging a guilty plea must show that there is a reasonable probability that, but for counsel's errors, [they] would not have pleaded guilty and would have insisted on going to trial."  *In re Pers. Restraint of Garcia-Mendoza*, 196 Wn.2d 836, 845, 479 P.3d 674 (2021) (internal quotation marks omitted) (quoting *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011)).  A reasonable probability exists if the defendant "convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances."  *In re Pers. Restraint of Amos*, 1 Wn. App. 2d 578, 595, 406 P.3d 707 (2017) (internal quotation marks omitted) (quoting *Sandoval*, 171 Wn.2d at 169).

A defendant's bare allegation that he would not have pleaded guilty but for the error is insufficient to establish prejudice.  *Buckman*, 190 Wn.2d at 69; *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 254-55, 172 P.3d 335 (2007).

B.      *Campbell Fails to Show That He Was Prejudiced by Defense Counsel's Performance*

Campbell does not satisfy the prejudice prong.

Campbell must demonstrate a reasonable probability that, but for defense counsel's failure to inform him of the discrepancy of the named victims, he would have insisted on going to trial. *Garcia-Mendoza*, 196 Wn.2d at 845. Instead, Campbell only asserts without explanation that he would have proceeded to trial if his attorney informed him of the discrepancy. Merely claiming that he would not have pleaded guilty or taken the plea deal but for the alleged error is insufficient to establish prejudice. *Buckman*, 190 Wn.2d at 69. Moreover, when Campbell was asked to state what he did in his own words that made him guilty of the sex offense, Campbell acknowledged that he "had sexual intercourse with a 12 year old minor DOB (5/18/90)." This statement matched the birth date of the victim identified as VKF in the information. Because Campbell fails to establish prejudice, he does not demonstrate ineffective assistance of counsel as to the victim identity issue.

Campbell also argues that he received ineffective assistance of counsel due to the erroneous offender score. In light of our decision to remand for resentencing, we do not address this argument.

Campbell also argues that defense counsel failed to investigate his mental health and behavioral issues and misadvised him during plea negotiations. We cannot consider these arguments as they are based on evidence outside the record. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008) (Where "arguments [in a SAG] are not supported by credible evidence in the record, we *cannot* review them.") (emphasis added). Campbell's recourse is to raise these claims in a properly supported personal restraint petition. *Alvarado*, 164 Wn.2d at 569.

9

Thus, Campbell's ineffective assistance of counsel claim fails and we decline to address the remaining arguments in his SAG.

CONCLUSION

We affirm Campbell's conviction and remand to the trial court for resentencing using Campbell's correct offender score.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Price, J.