953 P.2d 810 (1998)
134 Wash.2d 849
STATE of Washington, Respondent,
v.
Tony Lemar SMITH, Petitioner.
No. 66040-9.
Supreme Court of Washington.
April 9, 1998.
Shannon Marsh, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Erin Riley, Deputy, Seattle, for Respondent.
PER CURIAM.
A trial court accepted Tony Lemar Smith's plea of guilty to cocaine possession even though defense counsel expressed a mistaken belief that Smith could appeal a suppression ruling after pleading guilty. The Court of Appeals held that defense counsel's mistaken statement did not overcome the evidence that Smith entered the plea knowingly, voluntarily, and intelligently, and dismissed Smith's appeal without reaching the merits. We reverse and remand to the trial court to permit Smith to withdraw his plea in favor of a trial on stipulated facts.

FACTS
Two bicycle patrol officers who knew Smith rode up alongside him and engaged him in what they described as a social contact. During the conversation, they noticed that Smith had a bulge in his cheek and spoke with clenched teeth, so they asked him to open his mouth. When Smith did so, the officers saw rock cocaine in a plastic bag. They then arrested Smith, and the State charged him with possession of cocaine. Smith moved to suppress the cocaine evidence, arguing that the officers had seized him unlawfully.
*811 When the trial court orally denied the motion to suppress, Smith's counsel stated that Smith intended to plead guilty, but that he reserved the right to appeal the court's suppression ruling. Counsel then presented a statement on plea of guilty signed by Smith. The statement provides that Smith understood he was giving up "a right to appeal a determination of guilt after a trial." Clerk's Papers at 2.
When questioned by the prosecutor about the plea statement, Smith indicated that he had reviewed it with his attorney, read it himself, understood it, had no questions about it, and that he understood that he was giving up the rights listed in it. Smith's counsel attested to reviewing the plea statement with Smith, noting, among other things, that she had explained and he had understood that "his plea of guilty itself is not appealable" but that "he has reserved the right to appeal the court's ruling on the pretrial motion." Report of Proceedings at 61. The trial court also discussed the plea statement with Smith, explaining the right to trial and the basics of sentencing but not mentioning the right to appeal. When Smith stated that he had no questions, the court accepted the plea as knowingly, voluntarily, and intelligently made. The disposition order provides that the court found Smith guilty based on a plea of guilty.
Smith appealed, and the Court of Appeals affirmed in a published opinion. State v. Smith, 87 Wash.App. 293, 941 P.2d 704 (1997). It held that counsel's mistaken statement that Smith could plead guilty and still reserve the right to appeal the suppression order did not overcome the evidence that Smith entered his plea knowingly, voluntarily, and intelligently.

ANALYSIS
A criminal defendant may waive his or her constitutional right to appeal, but the waiver is valid only if made intelligently, voluntarily, and with an understanding of the consequences. State v. Perkins, 108 Wash.2d 212, 218, 737 P.2d 250 (1987). A voluntary guilty plea acts as a waiver of the right to appeal. State v. Johnson, 104 Wash.2d 338, 342-43, 705 P.2d 773 (1985). The State bears the burden to show valid waiver of the right to appeal. Perkins, 108 Wash.2d at 217, 737 P.2d 250.
When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary. State v. Perez, 33 Wash.App. 258, 261, 654 P.2d 708 (1982). The plea statement in this case provides that Smith waived his right to appeal the determination of guilt, and Smith admitted to reading and understanding the statement in open court. Ordinarily, this would provide sufficient evidence of a voluntary plea and a valid waiver of the right to appeal.
In this instance, however, defense counsel in open court expressed an erroneous legal interpretation of the plea statement which is at odds with a valid waiver. Counsel stated that, by pleading guilty, Smith was waiving certain rights on appeal, but was retaining the right to appeal the trial court's suppression ruling. Because this statement went uncorrected by opposing counsel or the court itself, it seems apparent that Smith and everyone else in the courtroom had the same understanding, even if this understanding is inconsistent with the language in the plea statement saying Smith waived his right to appeal a determination of guilt after a trial. Under these circumstances, it is clear that Smith voluntarily relinquished certain rights, but it is not clear that he knowingly, voluntarily, and intelligently relinquished the right to appeal the suppression ruling. See Lynch v. State, 903 S.W.2d 115 (Tex. Ct.App.1995) (a plea is not voluntary when the defendant, her attorney, and the trial judge labor under a false impression the that defendant has a right to appeal).
Smith now contends that he intended to engage in a bench trial on stipulated facts, and that, as a result, the Court of Appeals should have addressed the merits of his challenge to the suppression ruling. See State v. Olson, 73 Wash.App. 348, 353-54, 869 P.2d 110 (1994). But a stipulated facts trial is substantively different from a guilty plea proceeding, see Johnson, 104 Wash.2d at 342-43, 705 P.2d 773, and nothing in the *812 record supports an assertion that Smith intended to do anything but plead guilty. Nonetheless, because it is not clear that Smith entered his plea with an understanding of the effect it would have on his right to appeal the suppression ruling, we remand to the trial court to permit Smith to withdraw his plea in favor of a stipulated facts trial. See State v. Wakefield, 130 Wash.2d 464, 925 P.2d 183 (1996) (although unkept promise by trial court to impose standard range sentence did not entitle defendant to specific performance, it did make guilty plea involuntary and entitle defendant to withdraw it). This result is consistent with Smith's apparent intent expressed at the time of his plea to have what was effectively a stipulated facts trial and to secure a means by which to appeal the suppression ruling.
The Court of Appeals decision is reversed and the cause is remanded to the trial court to permit Smith to withdraw his guilty plea in favor of a trial on stipulated facts.