IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48656-3-II |
| Respondent, | |
| v. | |
| KINGSA NIGEL MCKNIGHT, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Kingsa McKnight appeals from his guilty plea convictions of second degree murder and first degree assault.  McKnight contends that the trial court erred by accepting his guilty pleas because it failed to adequately determine whether he understood the nature of the first degree assault charge against him.  McKnight also requests that we exercise our discretion to waive appellate costs in this matter should the State prevail and request such costs.  We affirm McKnight's convictions.  Because McKnight's current or likely future ability to pay appellate costs may be addressed by a commissioner of this court under recently amended RAP 14.2, we decline to exercise our discretion to waive appellate costs in this matter.

FACTS

On June 25, 2014, the State charged McKnight with homicide by abuse and second degree murder for conduct resulting in the death of his three-year-old son.  McKnight later agreed to plead guilty to an amended information charging him with second degree murder and first degree assault.  McKnight's signed plea agreement stated that he had been informed and fully understood the elements of second degree murder and first degree assault as set forth in the

State's second amended information. McKnight's plea agreement also stated that the two charges against him were not the same criminal conduct and both were serious offenses mandating consecutive sentences. In the plea agreement, McKnight provided the following handwritten statement:

> Between January 1st, 2014 and June 20, 2014 with the intent to inflict great bodily harm, I did assault T.G., my son, and he suffered an occipital skull fracture and brain injury and on June 21, 2014 I did cause the death of T.G. while attempting to commit assault 1° (inflicting great bodily harm w/ requisite intent) all events occurring in Pierce Co., WA.

Clerk's Papers (CP) at 31.

At the December 7, 2015 plea hearing, the trial court engaged in a colloquy with McKnight regarding his decision to plead guilty before accepting the pleas as knowingly, intelligently, and voluntarily made. At sentencing, the trial court denied McKnight's pro se motion to withdraw his guilty pleas, concluding that McKnight had failed to demonstrate that withdrawal of his pleas was necessary to correct a manifest injustice. McKnight appeals from his guilty plea convictions.[1]

## ANALYSIS

### I. GUILTY PLEA

McKnight contends that the trial court erred in accepting his guilty pleas because it did not adequately determine whether he understood the nature of the first degree assault charge against him. Specifically, McKnight argues that the record does not establish his understanding

---

[1] McKnight does not appear to appeal from the trial court's denial of his withdrawal motion.

that, to convict him of first degree assault, the State was required to prove that the force he had used against T.G. was likely to produce great bodily harm or death.[2] We disagree.

Before accepting a defendant's guilty plea, CrR 4.2(d) requires a trial court to "determin[e] that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." This rule reflects the due process requirement that a defendant's guilty plea be knowing, intelligent, and voluntary. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.2d 1082 (2008). And a defendant must be aware of the nature of the offense in order for his or her plea to be knowing, voluntary, and intelligent. *State v. Holsworth*, 93 Wn.2d 148, 153, 607 P.3d 845 (1980) (citing *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). "To be made sufficiently aware of the nature of the offense, the defendant must be advised of the essential elements of the offense." *Holsworth*, 93 Wn.2d at 153. An information detailing the acts and state of mind necessary to constitute the charged crime adequately informs the defendant of the nature of the offense. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 278-79, 744 P.2d 340 (1987).

When a defendant completes a written plea statement and admits to reading, understanding, and signing it, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). An information notifying the defendant of the nature of an offense likewise creates a "presumption that the plea was knowing, voluntary and intelligent." *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 596, 741 P.2d 983 (1987). And

---

[2] McKnight does not argue that the trial court lacked an adequate factual basis to accept his guilty plea to first degree assault.

where a trial court has inquired into the voluntariness of a plea on the record, the presumption of voluntariness is nearly irrefutable. *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982).

Here, the State's second amended information charged McKnight with first degree assault, alleging:

> That KINGSA NIGEL MCKNIGHT, in the State of Washington, during the period between the 1st day of January, 2014 and the 20th day of June, 2014, did unlawfully and feloniously, with intent to inflict great bodily harm, intentionally assault T.G. (DOB 12/30/10) with a firearm or deadly weapon or *by any force or means likely to produce great bodily harm or death*, contrary to RCW 9A.36.011(1)(a), and against the peace and dignity of the State of Washington.

CP at 21 (emphasis added). It is clear from the emphasized language above that the State's second amended information adequately informed McKnight that, to convict him of first degree assault, the State would have to prove that the force he used against T.G. was "likely to produce great bodily harm or death." CP at 21; RCW 9A.36.011. And McKnight confirmed in his written plea statement that he had received and reviewed with his defense counsel the State's second amended information. At his plea hearing, McKnight similarly confirmed with the trial court that he had received the State's second amended information and had reviewed it with defense counsel. This was sufficient to demonstrate that McKnight understood the nature of the first degree assault offense to which he was pleading guilty.

Because McKnight confirmed that he had read and discussed with defense counsel the State's second amended information, and because the State's second amended information set forth the essential elements of first degree assault, he was adequately informed of the nature of the first degree assault charge to which he was pleading guilty. Accordingly, the trial court did not err by accepting his guilty plea as voluntarily given.

4

No. 48656-3-II

## II. APPELLATE COSTS

Next, citing to *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016), McKnight requests that we waive appellate costs due to his inability to pay. On January 31, 2017, RAP 14.2 was amended to provide that appellate costs will not be awarded if a commissioner of this court determines that the party against whom costs are sought does not have the current or likely future ability to pay such costs. Because McKnight's ability to pay costs on appeal may be addressed by a commissioner of this court, we decline to exercise our discretion to waive appellate costs in this decision terminating review. RAP 14.2; RCW 10.73.160(1).

We affirm McKnight's convictions and decline to exercise our discretion to waive appellate costs in this decision terminating review.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Sutton, J.

5