FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 JUL 24 AM 9: 07

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76795-0-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| DERRICK RAY UNBEWUST, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: July 24, 2017 |

BECKER, J. — The appellant voluntarily pleaded guilty and stipulated to an exceptional sentence. He thereby waived his right to appeal.

In appellant Derrick Unbewust's car, police officers found methamphetamine and evidence of numerous crimes of identity theft, leading to a variety of charges. The court denied Unbewust's motion to suppress.

Unbewust pleaded guilty to one count of unlawful possession of instruments of financial fraud and five counts of unlawful possession of payment instruments in exchange for dismissal of four other counts. He and the State stipulated to a 36-month sentence. In accordance with the plea agreement, the court imposed an exceptional sentence of 36 months.

Unbewust appeals. He argues that the officers lacked probable cause for the search warrant and there was no basis for the exceptional sentence.

Generally, a voluntary guilty plea acts as a waiver of the right to appeal. State v. Smith, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary. Smith, 134 Wn.2d at 852. The record provides every reason to believe that Unbewust's plea was voluntary. Indeed, Unbewust does not challenge the validity of his guilty plea nor does he seek to withdraw it. Rather, he seeks to relitigate the motion to suppress. When he pleaded guilty, he waived his right to appeal the denial of the motion to suppress.

Unbewust argues that there are no aggravating factors that would allow for an exceptional sentence. Unbewust stipulated to the aggravating factors found by the court: the offenses involved multiple victims and multiple incidents per victim, RCW 9.94A.535(d)(i), and they involved a high degree of sophistication and planning, RCW 9.94A.535(d)(iii).

Because Unbewust voluntarily pleaded guilty and stipulated to an exceptional sentence, he waived his right to appeal the judgment and sentence.

Appeal dismissed.

Becker, J.

WE CONCUR:

Leach, J.

2