# NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MARCH 16, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38325-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| D.G.A.,† | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — D.G.A. appeals a juvenile court disposition order more than 20 years after it was entered. We grant the State's motion to modify the commissioner's ruling of September 24, 2021, and dismiss this appeal.

FACTS

On January 22, 1999, D.G.A., then a juvenile, was charged with trafficking in stolen property in the first degree, a class B felony. He pleaded guilty on February 17, 1999. His plea was based on the State's promise that if he did not commit any new criminal offenses within 12 months, the State would dismiss the charge.

---

† To protect the privacy interests of D.G.A., we use his initials throughout this opinion. Gen. Ord. for Ct. of Appeals, *In re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective September 1, 2018), http://www.courts.wa.gov/appellate_trial_courts.

No. 38325-3-III
*State v. D.G.A.*

D.G.A.'s plea of guilty acknowledged that he was giving up the right to appeal a finding of guilt after trial. It also stated that if the court sentenced him within the standard range, "no one can appeal the sentence." Clerk's Papers (CP) at 8. The court accepted D.G.A.'s plea of guilty and found that it was "knowingly, intelligently, and voluntarily made." CP at 9.

D.G.A. apparently did not comply with the condition that he not commit any new criminal offenses, because on September 22, 1999, the court entered an order of disposition. It did not order any detention, community supervision, community service, or a fine. It ordered a $100 assessment to be converted to 17 hours of community service and required D.G.A. to pay $932 in restitution.

On July 15, 2021, D.G.A. filed a notice of appeal, more than 20 years after his adjudication. By clerk's letter, we notified the parties of this court's motion to dismiss for failure to timely file the notice of appeal. Letter from Tristen Worthen, Clerk of Court, Wash. Ct. of Appeals Div. III, *State v. D.G.A.*, No. 38324-5-III[1] (Wash. Ct. App. Aug. 6, 2021). The letter set the matter for consideration on our commissioner's docket

---

[1] This case was initially consolidated with D.G.A.'s appeal of a 2000 adjudication under cause number 38324-5-III. We severed the cases upon D.G.A.'s motion. *See* Ord. Granting Mot. to Sever, *State v. D.G.A.*, No. 38325-3-III (Wash. Ct. App. Jan. 18, 2022).

2

No. 38325-3-III
*State v. D.G.A.*

and invited D.G.A. and the State to file memoranda.  Neither party filed a memorandum or otherwise responded.

Our commissioner reviewed the record before it, which was limited to D.G.A.'s notice of appeal, order of indigency, order of disposition, and an order authorizing D.G.A.'s release pending trial.  *See* Notice of Appeal to Ct. of Appeals Div. Three, *State v. D.G.A.*, No. 38325-3-III (Wash. Ct. App. July 15, 2021).  The commissioner's ruling concluded the State had not met its burden to show that D.G.A. knowingly, intelligently, and voluntarily waived his constitutional right to appeal and therefore extraordinary circumstances existed under RAP 18.8(b) to support extending the period for filing the notice of appeal.  Comm'r's Ruling, *State v. D.G.A.*, No. 38324-5-III (Wash. Ct. App. Sept. 24, 2021).  The State moved to modify the commissioner's ruling, and we deferred the decision to a panel to be determined at the time set for a determination of the case on the merits.  Ord. on Mot. to Modify Comm'r's Ruling, *State v. D.G.A.*, No. 38324-5-III (Wash. Ct. App. Dec. 16, 2021).

ANALYSIS

In its motion to modify, the State argues the commissioner erred by granting D.G.A. an extension of time to file this appeal.  Based on our present record, which was

3

No. 38325-3-III
*State v. D.G.A.*

not available to our commissioner, we agree. For the reasons explained below, we grant

the State's motion to modify and dismiss this appeal as untimely.

Our state constitution guarantees a criminal defendant the right to appeal in all

cases. WASH. CONST., art. I, § 22. Even a defendant who pleads guilty retains a limited

right to appeal. *State v. Cross*, 156 Wn.2d 580, 621, 132 P.3d 80 (2006), *abrogated on*

*other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018). A defendant can

waive the right to appeal, but the State must prove the waiver was knowing, intelligent,

and voluntary. *State v. Sweet*, 90 Wn.2d 282, 286, 581 P.2d 579 (1978). "[A]n

involuntary forfeiture of the right to a criminal appeal is never valid." *State v. Kells*,

134 Wn.2d 309, 313, 949 P.2d 818 (1998). A criminal appeal may not be dismissed as

untimely unless the State demonstrates that the defendant knowingly, intelligently, and

voluntarily abandoned their appeal right. *Id.* A hearing may be necessary to determine

whether a defendant effectively waived their right to appeal. *Id.* at 315; *State v. Tomal*,

133 Wn.2d 985, 991, 948 P.2d 833 (1997).

A voluntary guilty plea, however, acts as a waiver of the right to appeal. *State v.*

*Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). "When a defendant completes a plea

statement and admits to reading, understanding, and signing it, this creates a strong

4

No. 38325-3-III
*State v. D.G.A.*

presumption that the plea is voluntary." *Id.* This presumption can be rebutted by evidence the plea was not knowing, intelligent, and voluntary. *Id.*

As an initial matter, the State objects to our commissioner deciding the motion to dismiss based on an issue not briefed by the parties. The State relies on RAP 12.1. Subject to RAP 12.1(b), the rule requires courts to decide cases on the basis of the issues briefed by the parties. RAP 12.1(b) provides: "If the appellate court concludes that an issue which is not set forth in the briefs should be considered to properly decide a case, the court may notify the parties and give them an opportunity to present written argument on the issue raised by the court." By its clear terms, the rule applies to cases, not motions. Nevertheless, as explained below, there are reasons to incorporate the procedure outlined in RAP 12.1(b) when deciding whether to dismiss a criminal appeal for untimeliness.

"*Sweet* establishes that the State has the burden to demonstrate a defendant understood his right to appeal and consciously gave up that right before a notice of appeal may be dismissed as untimely." *Kells*, 134 Wn.2d at 314 (citing *Sweet*, 90 Wn.2d at 287). Thus, when deciding a court's motion to dismiss for untimeliness, the commissioner must review the record to ensure the defendant understood and consciously abandoned their right of appeal. Because the appellate record is undeveloped at the time a commissioner is called on to make a ruling, it would be a good practice for the clerk's

5

No. 38325-3-III
*State v. D.G.A.*

letter to *direct* counsel to brief the issue. The letter should set a briefing schedule and expressly remind the parties that under *Kells*, the State has the burden to demonstrate the defendant effectively waived their right to appeal and, absent an affirmative showing, the commissioner may be compelled to sua sponte extend time under RAP 18.8(b) to file the appeal. In this manner, either party can incorporate portions of the trial court record in their response so the commissioner can better decide whether to dismiss the appeal or to extend time pursuant to RAP 18.8(b).

Having addressed the State's objection, we now address its motion to modify. Although our record is imperfect, it is more complete than when our commissioner ruled on the motion to dismiss. Due to the length of time that has passed since D.G.A.'s plea and sentencing, there is no recording or transcript of the hearing. But there is a statement on plea of guilty and, in that statement, the trial court found that D.G.A. entered into the plea knowingly, intelligently, and voluntarily. This creates "a strong presumption" that his plea was voluntary and that D.G.A. validly waived his right to appeal. *Smith*, 134 Wn.2d at 852.

D.G.A. provides nothing to rebut this presumption. He does not assert that he was not advised of the consequences of his guilty plea or his limited right to appeal. Nor does

6

No. 38325-3-III
*State v. D.G.A.*

the record establish any irregularity in the proceedings below that suggests D.G.A. was

not fully apprised of his rights before pleading guilty.

D.G.A.'s situation is much like that of the defendant in *State v. Cater*, 186 Wn.

App. 384, 345 P.3d 843 (2015). There, the defendant appealed an arson conviction 34

years after he had entered a guilty plea and had been sentenced to probation. *Id.* at 391.

He relied on the presumption he did not waive his right to appeal and on language in his

statement on plea of guilty, which he alleged misadvised him about his limited right to

appeal. *Id.* at 393. We denied his motion to extend time to file a notice of appeal,

reasoning that the

> Circumstances, including the presumption of a voluntary plea, the
> exceptionally favorable plea agreement, the unexplained 34-year delay in
> filing a notice of appeal, and [the defendant's] complete failure to assert any
> facts suggesting he was unaware of his limited right to appeal, support the
> strong inference that he knowingly, intelligently, and voluntarily waived his
> limited right to appeal following a guilty plea.

*Id*. at 397. We noted that while the language in the statement on plea of guilty "was

potentially misleading," without a declaration from the defendant or his original defense

attorney establishing the defendant was affirmatively misled, it was not appropriate to

hold an evidentiary hearing on whether the defendant knowingly, intelligently, and

voluntarily waived his right to appeal. *Id.* at 396-97.

7

No. 38325-3-III
*State v. D.G.A.*


We find *Cater* persuasive and conclude that D.G.A. has failed to rebut the strong

presumption that his plea was knowing, intelligent, and voluntary. We thus grant the

State's motion to modify and dismiss this appeal as untimely.


_____
Lawrence-Berrey, J.

WE CONCUR:


_____
Siddoway, C.J.


_____
Pennell, J.

8