

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38516-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TONATIUH A. SANCHEZ LUJANO, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Tonatiuh Sanchez Lujano challenges the voluntary nature of his guilty plea to residential burglary in 2008. In addition to Sanchez Lujano's appeal raising the question of the voluntariness of his plea, we must decide whether Sanchez Lujano may appeal the plea thirteen years later. Because of the extraordinary untimeliness of the appeal, we decline Sanchez Lujano's request to grant late filing of the appeal.

## FACTS

The State of Washington charged Tonatiuh A. Sanchez Lujano with one count of residential burglary in April 2008. A probable cause affidavit in support of the charge revealed that Sanchez Lujano admitted to "forcing his way into the residence and assaulting" a man. Clerk's Papers (CP) at 3.

In May 2008, Tonatiuh Sanchez Lujano pled guilty to the charge of residential burglary. He signed a statement of defendant on plea of guilty form. The statement declared:

> On 4/18/08 in Benton County with intent to commit a crime therein I entered or remained in another person's residence.

CP at 12.

When signing the statement of guilty plea, Tonatiuh Sanchez Lujano confirmed that he read the document with his attorney and understood the information contained therein. The form included the following overly capitalized language:

> I Understand I Have the Following Important Rights, and I Give Them All Up by Pleading Guilty:
> . . . .
> (f) The right to appeal a finding of guilt after a trial.
> . . . .
> I understand that if a standard range sentence is imposed, the sentence cannot be appealed by anyone. If an exceptional sentence is imposed after a contested hearing, either the State or I can appeal the sentence.
> . . . .
> I make this plea freely and voluntarily.

CP at 5-11. After reading Sanchez Lujano's statement of defendant on the plea of guilty, the trial court signed the document and found the:

> plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

CP at 12.

2

In September 2008, the superior court sentenced Tonatiuh Sanchez Lujano to four months of confinement, which was within the standard range of three to nine months and which followed the State's recommendation. On delivering Sanchez Lujano's sentence, the court did not verbally inform him of his rights to appeal or any limitations to the rights.

After receiving his sentence, Tonatiuh Sanchez Lujano signed a judgment and sentence. The judgment and sentence form, also signed by the sentencing court, contained the following language:

> Any petition or motion for collateral attack on this judgement and sentence, including but not limited to any personal restraint petition, state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea, motion for new trial or motion to arrest judgment, must be filed within one year of the final judgment in this matter.

CP at 20.

The trial court permitted Tonatiuh Sanchez Lujano to serve his time in confinement through work crew beginning September 10, 2008 and lasting for four months. He completed this term of his sentence by the end of 2009.

In March of 2010, the superior court issued a bench warrant for the arrest of Tonatiuh Sanchez Lujano because of his failure to pay legal financial obligations. In May 2011, authorities arrested Sanchez Lujano on the warrant. Sanchez Lujano returned to court in June 2011 when the court entered an order placing him on a pay or appear plan. Sanchez Lujano did not then ask about or assert any right to appeal.

PROCEDURE

On October 18, 2021, thirteen years after Tonatiuh Sanchez Lujano entered his guilty plea, he filed a notice of appeal in this court. Sanchez Lujano simultaneously filed a motion to extend the time to file his notice of appeal. This opinion addresses this motion. As part of his motion, Sanchez Lujano does not assert that he lacked knowledge of his limited right to appeal following a guilty plea or, if he had known of his limited right to appeal, he would have directed his attorney to file an appeal.

LAW AND ANALYSIS

One constitutional provision and three court rules intersect in resolving Tonatiuh Sanchez Lujano's motion to file an untimely appeal. WASH. CONST. art. I, § 22 declares in relevant part:

> In criminal prosecutions the accused shall have . . . right to appeal in all cases.

Under CrR 7.2, the sentencing court must advise the offender of his right to appeal and rights attended to an appeal. CrR 7.2(b) provides:

> Procedure at Time of Sentencing. The court shall, immediately after sentencing, advise the defendant: (1) of the right to appeal the conviction; (2) of the right to appeal a sentence outside the standard sentence range; (3) that unless a notice of appeal is filed within 30 days after the entry of the judgment or order appealed from, the right to appeal is irrevocably waived; (4) that the superior court clerk will, if requested by the defendant appearing without counsel, supply a notice of appeal form and file it upon completion by the defendant; (5) of the right, if unable to pay the costs thereof, to have counsel appointed and portions of the trial record necessary for review of assigned errors transcribed at public expense for an appeal;

and (6) of the time limits on the right to collateral attack imposed by RCW
10.73.090 and .100.  If this advisement follows a guilty plea, the court shall
advise the defendant that the right to appeal is limited.  These proceedings
shall be made a part of the record.

(Boldface omitted.)

Under RAP 5.2(a), a party must file a notice of appeal within "30 days after the

entry of the decision of the trial court that the party filing the notice wants reviewed."

In turn, RAP 18.8(b) reads:

Restriction on Extension of Time.  The appellate court will only in
extraordinary circumstances and to prevent a gross miscarriage of justice
extend the time within which a party must file a notice of appeal. . . .  The
appellate court will ordinarily hold that the desirability of finality of
decisions outweighs the privilege of a litigant to obtain an extension of time
under this section.  The motion to extend time is determined by the
appellate court to which the untimely notice, motion or petition is directed.

(Boldface omitted.)

Tonatiuh Sanchez Lujano's sentencing court failed to follow the prescription

found in CrR 7.2(b).  The statement of plea of guilty signed by Sanchez Lujano read that

he can only appeal a sentence outside a standard range sentence.  The statement did not

inform him that he must file any appeal within thirty days.  The statement also did not

advise him that he possessed a right to appeal the acceptance of his guilty plea.  The

judgment and sentence warned that Sanchez Lujano must file any collateral attack within

one year, but delivered no warning about a deadline for an appeal.

In addressing whether to accept an untimely appeal from Tonatiuh Sanchez Lujano, we must first assess whether Sanchez Lujano waived a right to appeal. To repeat, the Washington constitution guarantees criminal defendants the "right to appeal in all cases." WASH. CONST. art. I, § 22. A defendant may waive this right, but only if he does so intelligently and with a full understanding of the consequences. *State v. Perkins*, 108 Wn.2d 212, 215, 737 P.2d 250 (1987). Before we dismiss an appeal as untimely under RAP 18.8(b), the State must demonstrate that the appellant made a voluntary, knowing, and intelligent waiver of his right to appeal. *State v. Kells*, 134 Wn.2d 309, 315, 949 P.2d 818 (1998). To show his understanding, the State must prove a defendant understood both his right to appeal and the effect of a waiver. *State v. Kells*, 134 Wn.2d 309, 314 (1998). The State goes far in meeting this burden when a defendant signs a waiver statement and admits to understanding it. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). A waiver statement creates a strong presumption of a voluntary waiver. *State v. Smith*, 134 Wn.2d 849, 852 (1998). The presumption is not conclusive, though. *State v. Neff*, 163 Wn.2d 453, 459, 181 P.3d 819 (2008).

Tonatiuh Sanchez Lujano signed no waiver of the right to appeal. So, we consider whether other circumstances warrant a finding of a waiver. The simple reading of CrR 7.2(b) to a defendant may be insufficient to give rise to a conclusion of waiver. *State v. Sweet*, 90 Wn.2d 282, 286-87, 581 P.2d 579 (1978). In addition to showing strict compliance with CrR 7.2(b) by reading appeal rights to a defendant, the circumstances

6

must at least reasonably give rise to an inference the defendant understood the import of the court rule and willingly and intentionally relinquish a known right. *State v. Sweet*, 90 Wn.2d 282, 287 (1978). The State may best establish a waiver of the right to appeal by a demonstration in the record that the trial judge questioned the defendant about his understanding of the appeal procedure and his intentions with regard to an appeal. *State v. Sweet*, 90 Wn.2d 282, 287 (1978).

Short of a comprehensive colloquy between the trial court and the accused, a conscious, intelligent, and willing failure to appeal may constitute waiver of the appeal right. *State v. Sweet*, 90 Wn.2d 282, 287 (1978). For example, if the trial court clearly advises a convicted individual of the right to appeal and the procedure necessary to vindicate that right in the manner prescribed by CrR 7.2(b), the individual demonstrates understanding, and the individual faces no unfair restraint, his failure to act may constitute the intentional relinquishment of a known right. *State v. Sweet*, 90 Wn.2d 282, 287 (1978). More importantly, a voluntary guilty plea acts as a waiver of the right to appeal. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998); *State v. D.G.A.*, No. 38325-3-III, slip op. (Wash. Mar. 16, 2023). When a defendant completes a plea statement and admits to reading, understanding, and signing it, the court applies a strong presumption that the plea is voluntary. *State v. Smith*, 134 Wn.2d 849, 852 (1998); *State v. D.G.A.*, No. 38325-3-III, slip op. (Wash. Mar. 16, 2023).

The circumstances, under which the trial court sentenced Tonatiuh Sanchez Lujano, suggest no express waiver of the right to appeal. The sentencing court did not inform Sanchez Lujano of any right and did not question whether Sanchez Lujano wanted to waive the right. The papers Sanchez Lujano signed did not adequately explain the right nor ask if Sanchez Lujano wanted to forego the right. Nevertheless, the circumstances, under which Sanchez Lujano seeks to extend the time for filing an appeal, warrant careful consideration as to whether Sanchez Lujano waived his right with the passage of time. Although the court rules impose no deadline, after which the Court of Appeals will no longer entertain a late appeal, Sanchez Lujano appeals a guilty plea thirteen years after entering the plea and twelve years after completing his sentence.

An appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal. RAP 18.8(b). Under RAP 18.8(b), the appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant. *State v. Cater*, 186 Wn. App. 384, 391-92, 345 P.3d 843 (2015). Tonatiuh Sanchez Lujano shows no extraordinary circumstances or a gross miscarriage of justice.

In *State v. Smith*, 134 Wn.2d 849 (1998), this Washington Supreme Court introduced the strong presumption in favor of a voluntary, knowing, and intelligent waiver of the right to appeal when the defendant signs a plea statement that mentions giving up the right. The court, nonetheless, did not apply the presumption because

defense counsel told Tony Smith that, despite pleading guilty, Smith retained the right to appeal the trial court's denial of his motion to suppress evidence. The misadvice pertained to the right to appeal. We do not know the amount of time that passed between the entry of the plea and the filing of the appeal.

The most parallel Washington decision is *State v. Cater*, 186 Wn. App. 384 (2015). In order to avoid a third strike offense, Gregory Cater sought, in 2013, to appeal his 1979 guilty plea to arson. He argued he lacked notice, in 1979, of his right to appeal the guilty plea and thus he did not knowingly, intelligently, and voluntarily waive his right to appeal. He further argued that, because he did not waive his rights on appeal, his circumstances were extraordinary and warranted an extension of time allowing him to file a notice of appeal.

This court in *State v. Cater* distinguished its facts from the circumstances found in other Washington decisions. Gregory Cater did not assert that he lacked knowledge of his limited right to appeal following a guilty plea or, assuming he possessed knowledge of his limited right to appeal, he would have directed his attorney to file an appeal. Cater also did not assert that his attorney misadvised him about the limited right to appeal following a guilty plea or that his attorney's performance was deficient in any manner. When denying Cater's motion to extend time to file a notice of appeal, this court wrote:

> The unique circumstances, including the presumption of a voluntary plea, the exceptionally favorable plea agreement, the unexplained 34-year-delay in filing a notice of appeal, and Cater's complete failure to assert any

9

> facts suggesting he was unaware of his limited right to appeal, support the strong inference that he knowingly, intelligently, and voluntarily waived his limited right to appeal following a guilty plea.

*State v. Cater*, 186 Wn. App. 384, 397 (2015).

Three of the four unique circumstances referenced in *State v. Cater* run parallel in Tonatiuh Sanchez Lujano's request for late filing and lead us to conclude that Sanchez Lujano voluntarily waived his right to appeal. This court presumes that Sanchez Lujano made his plea voluntarily. Sanchez Lujano fails to explain his long-term delay in filing a notice of appeal. Sanchez Lujano has not presented any affidavit stating he was misadvised about the consequences of his guilty plea or his right to appeal.

This court recently followed *State v. Cater* in *State v. D.G.A.*, No. 38325-3-III, slip op. (Wash. Mar. 16, 2023). D.G.A. appealed a juvenile court disposition order twenty years after its entry. We dismissed the appeal because of untimeliness. D.G.A.'s plea of guilty read that he forwent the right to appeal a finding of guilt after trial and that no one could appeal a sentence imposed within the standard range. We recognized the burden on the State to show a voluntary, knowing, and intelligent waiver of the right to appeal or a voluntary, knowing, and intelligent abandonment of the appeal right. We followed, however, the rule that a voluntary guilty plea acts as a waiver to the appeal right or at least creates a strong presumption of waiver. D.G.A. provided no evidence to rebut the presumption. Therefore, we followed the precedent of *State v. Cater.*

10

Tonatiuh Sanchez Lujano warns us about holding that an accused waives the right to appeal merely by the passage of time. In a motion for reconsideration, he argues that we are creating new law by shifting the burden of persuasion on the accused. But we do not rely solely on the passage of time. We also rely on a voluntary plea and the lack of testimony that any incorrect advice was given as to the right to an appeal. We also base our ruling on the absence of any excuse for not filing the appeal and the lack of an assertion that Sanchez Lujano would have appealed earlier if he had been correctly and thoroughly advised of his right to do so. Sanchez Lujano does not supply any facts that his sentencing counsel failed to properly advise him about the right to appeal. We also do not create new law, but rather follow old law that creates a presumption of waiver on the signing of a guilty plea.

Tonatiuh Sanchez Lujano suggests in his motion for reconsideration that he finally appealed his guilty plea because, after seeking advice from an immigration attorney, he learned of the deficiencies in his plea. We deem any erroneous or incomplete immigration advice at the time of the plea to constitute a possible excuse for vacating the plea, not in filing an appeal thirteen years late.

## CONCLUSION

We deny Tonatiuh Sanchez Lujano's motion to extend time to file his appeal.

11

No. 38516-7-III
*State v. Sanchez Lujano*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Fearing, J.

Fearing, C.J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Lawrence-Berrey, J.

Pennell, J.