IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTION, | ) | |
| | ) | No. 39798-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TREVOR J. LUNNEY, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING J. — On appeal, Trevor Lunney challenges the voluntariness of a guilty

plea to felony harassment and threat to bomb. Because the superior court's explanation

of appellate rights being waived was confusing and inconsistent with both the

statement on plea of guilty and the appellate rights that Lunney waived by pleading

guilty, we grant the challenge. We remand for further proceedings, including the

opportunity to withdraw the guilty plea.

FACTS

We detail some of the underlying facts behind the prosecution charges, although procedural events take precedence. On July 9, 2022, Trevor Lunney threatened a mass shooting at an elementary school and a subsequent suicide. On July 16 and July 17, Lunney sent his Department of Corrections (DOC) community custody officer Hannah Fowler text messages confirming his plans. As a result, DOC transported Lunney to Tri State Hospital for a voluntary evaluation by Kellie Lassiter of Quality Behavior Health (QBH).

During Kellie Lassiter's interview with Trevor Lunney, Lunney mentioned a desire to commit mass murder. He explained a five-year plan to solve injustice by attending the Asotin County Fair Parade and opening gunfire. He stored weapons for this project in Nampa, Idaho. Lunney wished to live stream the massacre for others to see. Lunney also commented about stalking the person who reported his criminal offenses in a previous case. Lunney declared an intent to attack detention deputies in the Asotin County Jail. Finally, he disclosed an intention to kill himself after implementing his five-year plan and write two books that highlight the truth.

PROCEDURE

On July 19, 2022, the State of Washington charged Trevor Lunney with two counts of felony harassment and one count of threat to bomb. On April 25, 2023, Lunney

filed a motion to dismiss for failure to afford him a speedy trial, as required by CrR 3.3.

On May 16, 2023, the State filed a notice of intent to seek an exceptional sentence above

the standard range. On May 22, 2023, Lunney filed a second motion to dismiss, pursuant

to CrR 8.3(b) and CrR 4.7(a). On June 2, the trial court denied Lunney's motions to

dismiss.

On June 8, 2023, Trevor Lunney pled guilty to all three charges. He then signed a

statement of defendant on plea of guilty. The plea form declared:

> I understand I have the following Important Rights and I Give them
> Up by Pleading Guilty.
> . . . .
> The right to appeal a finding of guilt after trial.

Clerk's Papers (CP) at 135. One paragraph later, the statement read:

> My right to appeal is limited.

CP at 135. Later the form stated:

> If the court imposes a standard range sentence, then no one may
> appeal the sentence. If the court imposes an exceptional sentence after a
> hearing, either the State or I can appeal the sentence.

CP at 139. By signing the agreement, Lunney attested to having been read the entire

form by his attorney and to understanding the information contained therein.

During the June 8 plea hearing, the superior court and Trevor Lunney conversed:

> THE COURT: . . . I'm gonna go over the following important rights
> that you give up by pleading guilty. The right to a speedy and public trial
> by an impartial jury in the county where the crime was allegedly
> committed; the right to remain silent before and during to trial; and the

right to refuse to testify against yourself; the right at trial to hear and question the witnesses who testify against you; the right at trial to testify and have witnesses testify for you and these witnesses can be made to appear at no expense to you; the right to be presumed innocent unless the State proves the charges beyond a reasonable doubt or you enter a plea of guilty; and *the right to appeal finding of guilt after a trial*.

 Do you understand those rights and that you give them up by pleading guilty?

 MR. LUNNEY: *So, there's no—no right to appeal?*

 THE COURT: *No, you have the right to appeal. You can still appeal.*

 MR. LUNNEY*: Yeah.*

 THE COURT: *But, so these are just the rights that you give—the right to appeal a finding of guilt after a trial.*

 MR. LUNNEY: Okay.

 THE COURT: So, you're giving up your right to a trial.

 MR. LUNNEY: All right.

 THE COURT: So, that's the right you're giving up. *But, you can always appeal.*

 MR. LUNNEY: Okay, thank you.

 THE COURT: Okay. So, do you understand all those rights?

 MR. LUNNEY: Yes.

 THE COURT: And that you're giving them up by pleading guilty?

 MR. LUNNEY: Yes.

Report of Proceedings (RP) at 109-10 (emphasis added).

The court later accepted Trevor Lunney's plea:

 THE COURT: If you could please rise at this time? As to two counts of felony harassment and one count of threats to bomb, how do you plead, guilty or not guilty?

 MR. LUNNEY: Guilty.

 THE COURT: I heard you say guilty and I find your guilty pleas knowingly, intelligently, and voluntarily entered into. Go ahead and have a seat.

No. 39798-0-III,
*State v. Lunney*

RP at 113. The plea agreement confirms the superior court's finding that Lunney's guilty plea was knowingly, intelligently, and voluntarily made.

LAW AND ANALYSIS

On appeal, Trevor Lunney argues that the trial court, at sentencing, erroneously explained his limited right to appeal. Lunney claims he was prejudiced as a result of the court's erroneous explanation of his right because he did not understand that, by pleading guilty, he would lose the right to appeal the denial of his motion to dismiss under CrR 4.7(a) and CrR 8.3(b). He does not mention his motion to dismiss under CrR 3.3. Lunney asserts that, had he known he could not appeal the motion to dismiss by pleading guilty, he would not have done so. Therefore, according to Lunney, his guilty plea was not knowingly, voluntarily, and intelligently made, rendering it invalid.

An accused may raise, for the first time on appeal, a claim that he did not knowingly, intelligently, or voluntarily plead guilty. *State v. Knotek*, 136 Wn. App. 412, 422–23, 149 P.3d 676 (2006). This court reviews de novo the question of whether a defendant knowingly, intelligently, and voluntarily pled guilty, and the court looks to the totality of the circumstances in making that determination. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996); *State v. Harris*, 4 Wn. App. 2d 506, 512, 422 P.3d 482 (2018).

A criminal defendant may waive his or her constitutional right to appeal, but the waiver is valid only if made intelligently, voluntarily, and with an understanding of the

consequences. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). A voluntary guilty plea acts as a waiver of the right to appeal. *State v. Smith*, 134 Wn.2d 849, 852 (1998). The State bears the burden to show a valid waiver of the right to appeal. *State v. Perkins*, 108 Wn.2d 212, 217, 737 P.2d 250 (1987).

A strong presumption of a voluntary plea of guilt arises when a defendant signs a plea statement and admits to reading and understanding the statement. *State v. Smith*, 134 Wn.2d 849, 852 (1998); *State v. Cater*, 186 Wn. App. 384, 396, 345 P.3d 843 (2015). When the relevant documents include accurate advisements, we presume the plea is valid, subject to a showing that the defendant was affirmatively misled. *State v. Snider*, 199 Wn.2d 435, 449, 508 P.3d 1014 (2022).

A defendant who pleads guilty retains a limited right to appeal collateral questions, such as the validity of the charging statute, sufficiency of the information, and an understanding of the nature of the offense. *State v. Cater*, 186 Wn. App. 384, 392 (2015). He or she does not retain the right to appeal the denial of any pretrial motions. *State v. Olson*, 73 Wn. App. 348, 353, 869 P.2d 110 (1994).

Trevor Lunney concedes he signed the plea statement and admitted to understanding the information contained therein. He told the superior court he understood the statement. Nevertheless, Lunney asserts confusion about his limited right to appeal. According to Lunney, by explaining, in response to his confusion, that he could appeal anything other than the finding of guilt after trial, the superior court

6

conveyed erroneous information. As a result, Lunney did not understand that he lost, by pleading guilty, the right to appeal his motion to dismiss.

The State responds that the record does not indicate that Trevor Lunney sought to preserve the right to appeal the court's ruling on his motion to dismiss. The State insists that this court could only speculate whether Lunney believed he could still appeal the motions after pleading guilty. Therefore, according to the State, Lunney fails to show prejudice. We agree with Lunney.

Trevor Lunney cites *State v. Smith*, 134 Wn.2d 849 (1998) for support. Defense counsel stated, during Tony Smith's sentencing, that Smith waived certain rights on appeal by pleading guilty but retained the right to appeal the trial court's suppression ruling. Defense counsel's statement went uncorrected by opposing counsel and the sentencing court. The Washington State Supreme Court wrote that "Smith and everyone else in the courtroom had the same understanding, even if this understanding is inconsistent with the language in the plea statement saying Smith waived his right to appeal a determination of guilt after a trial." *State v. Smith*, 134 Wn.2d 849, 853 (1998). The Supreme Court held that Smith voluntarily relinquished certain rights, but not necessarily the right to appeal the suppression ruling. The Supreme Court remanded to allow Smith to withdraw his guilty plea.

The State distinguishes *State v. Smith*. Unlike in *Smith*, when defense counsel's statement during sentencing went uncorrected and affirmatively misled Tony Smith about

7

his right to appeal a motion to suppress, neither Trevor Lunney's defense counsel nor the sentencing court affirmatively misled Lunney about his right to appeal the denial of his motion to dismiss. We observe this distinction but conclude that Lunney could have reasonably believed, because of the superior court's comments, that he reserved the right to appeal the denial of his motion to dismiss. The superior court stated that Lunney only waived the right to appeal a guilty verdict after trial. Denial of a motion to dismiss differs markedly from a finding of guilt.

The statement on plea of guilty also warned Trevor Lunney of a limited right to appeal. The statement listed two examples of that limited right: (1) he forewent a right to appeal a finding of guilt after trial; and (2) he lost the right to appeal a sentence within the standard range. The statement did not otherwise caution Lunney of his limited right to appeal. No one advised him he could not appeal the motion to dismiss ruling.

Trevor Lunney need not show prejudice on appeal. Because an involuntary plea creates a presumption of prejudice in a direct appeal, a defendant challenging his guilty plea as involuntary on direct appeal need not show actual and substantial prejudice. *In the Matter of Personal Restraint Petition of Stockwell*, 179 Wn.2d 588, 594-96, 316 P.3d 1007 (2014).

CONCLUSION

We remand the prosecution of Trevor Lunney to the superior court. On remand, Lunney may withdraw his guilty plea.

8

No. 39798-0-III,
*State v. Lunney*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.


_____
Fearing, J.


WE CONCUR:


_____
Pennell, J.

_____
Staab, A.C.J.