IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40518-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MARTEL L. STEWART-TOLIVER | ) | |
| also known as MARTEL L. STEWARD- | ) | |
| TOLIVER and MARTEL L. STEWART- | ) | |
| OLIVER, | ) | |
| Appellant. | ) | |

HILL, J. — Martel Toliver-Steward (Toliver-Steward) [1] faced charges of first degree assault, first degree robbery, and second degree assault, all while armed with a deadly weapon. In plea negotiations, the State offered to amend the information in exchange for Toliver-Steward pleading guilty to a single count of criminal mischief with a joint recommendation of credit for time served. Toliver-Steward accepted the deal and entered a plea under *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984).

---

[1] The parties in their briefing refer to the appellant as Martel Toliver-Steward. We likewise do the same.

Toliver-Steward now appeals his guilty plea. He claims he did not know he was pleading guilty to an amended charge that lacked a factual basis and therefore argues his plea was not made knowingly, intelligently, and voluntarily. We affirm.

FACTS

The State charged Martel Toliver-Steward with one count of assault in the first degree, one count of robbery in the first degree, and one count of assault in the second degree, all while armed with a deadly weapon, based on events occurring on two separate days in early 2024. Toliver-Steward and the State entered into a plea agreement under which Toliver-Steward pleaded guilty to an amended charge of criminal mischief. The amended information outlined the elements of the new charge.

Relevant to this appeal are the following portions of the plea statement:

> 4. I Have Been Informed and Fully Understand That:
> . . . .
> (b) I am charged with: Count 1: Criminal Mischief
>     The elements are: as charged in the Amended Information
> . . . .
> 7. I plead guilty to:
> count 1, Criminal Mischief in the Amended Information. I have received a copy of that information.
> 8. I make this plea freely and voluntarily.
> 9. No one had threatened harm of any kind to me or to any other person to cause me to make this plea.
> 10. No person has made promises of any kind to cause me to enter this plea, except as set forth in this statement.

2

> 11. The judge has asked me to state what I did in my own words that makes me guilty of this crime, including enhancements and domestic violence relationships, if they apply. This is my statement:
> In re: Barr
> . . . .
> 12. My lawyer has explained to me, and we have fully discussed, all of the above paragraphs, . . . I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

Clerk's Papers (CP) at 39-40. Toliver-Steward signed the statement. Below Toliver-Steward's signature is that of his attorney, attesting that she read the document to Toliver-Steward and believed he understood everything in it.

The amendment, plea, and sentencing hearing took place the same day. The court engaged with Toliver-Steward in a thorough colloquy showing Toliver-Steward understood his rights and the possible consequences of pleading guilty and that he was making the plea freely and voluntarily. Regarding the amended charge, the court asked defense counsel if Toliver-Steward had a copy of the amended information. Defense counsel replied that he did. The court directed Toliver-Steward to refer to it when entering his plea. When the court later asked if it could use the affidavit in the case file as a basis for the plea, defense counsel responded that they listed the basis for the plea as an *In re Barr*. The court then asked Toliver-Steward if he signed the plea and understood

3

what he was signing. Toliver-Steward confirmed that he did and that he did not have questions for the court or counsel.

The court then explained: "I have to determine if there's what we call a factual basis for the plea. And having reviewed this file, I'm satisfied that basis exists and I'm [going to] go ahead and make that finding." Rep. of Proc. (RP) at 12. The court then made additional findings consistent with a knowing, intelligent, and voluntary decision to plead guilty. The court sentenced Toliver-Steward to 84 days' credit for time served with no supervision.

## LAW AND ANALYSIS

Toliver-Steward argues his guilty plea was not made knowingly, intelligently, or voluntarily because he did not know that he was pleading guilty to a charge that lacked a factual basis. He acknowledges that under *Barr*, 102 Wn.2d at 271 a defendant may plead guilty to a charge that lacks a factual basis so long as the original charges were factually supported. Nevertheless, he argues the record does not demonstrate he was aware of that information before he pleaded guilty.

This court reviews de novo the validity of a defendant's guilty plea. *State v. Snider*, 199 Wn.2d 435, 444, 508 P.3d 1014 (2022). To satisfy due process a defendant's guilty plea must be knowing, intelligent, and voluntary. *In re Det. of Scott*, 150 Wn.

4

App. 414, 426, 208 P.3d 1211 (2009).  Whether a plea is knowing, intelligent, and voluntary is determined from a totality of the circumstances.  *Id.* at 426.

When a defendant admits to reading, understanding, and signing a valid plea statement, this creates a strong presumption that the plea is voluntary.  *State v. D.G.A.*, 25 Wn. App. 2d 860, 864, 525 P.3d 995 (2023) (quoting *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998)).  A defendant may present evidence showing the plea was not voluntary, intelligent, or knowing to rebut this presumption.  *Id at 864*.

Toliver-Steward primarily relies on *State v. Zhao*, 157 Wn.2d 188, 137 P.3d 835 (2006), in support of his position that his plea was not knowing, intelligent, and voluntary, despite the *Zhao* court upholding the plea under similar circumstances. In *Zhao*, the State originally charged Mr. Zhao with two counts of first degree child molestation.  During plea negotiations, the State proposed amending Zhao's charges to two counts of conspiracy to commit indecent liberties and one count of assault in the second degree.  Zhao agreed and entered an *Alford/Newton* [2] plea to the amended charges.

---

[2] "An *Alford/Newton* plea allows a defendant to plead guilty in order to take advantage of a plea bargain even if he or she is unable or unwilling to admit guilt." *State v. Zhao*, 157 Wn.2d at 197-98.

The trial court accepted the plea after finding there was a factual basis for the original charges. Zhao understood the nature of the amended charges and the consequences of his guilty plea and that the plea was knowingly, voluntarily, and intelligently made.

On appeal, Zhao argued that his *Alford/Newton* plea was invalid because the trial court did not expressly confirm on the record that he understood the amended charges to which he was pleading guilty lacked a factual basis. The Supreme Court, citing *Barr*, then held that a defendant can plead guilty to amended charges for which there is no factual basis if the record shows that the defendant did so knowingly and voluntarily and that there was a factual basis for the original charge. *Id. at* 200. The court noted, "[w]hile a colloquy on the record regarding the lack of factual basis would have been preferable, one was not necessary here, where the record established that Zhao was aware that he was pleading guilty to charges for which there was no factual basis in order to receive the benefit of a plea bargain." *Id. at* 204.

Toliver-Steward attempts to use *Zhao* as a benchmark to which his plea did not measure up. First, he argues that, unlike in *Zhao*, his statement of plea of guilty does not contain the elements of the amended charge. However, in the portion of the statement where the elements are ordinarily listed, it incorporates by reference the amended information. The amended information provides the elements of criminal mischief.

We find the plea statement's reference to the amended information, which outlines the elements of criminal mischief, sufficient.

Second, Toliver-Steward argues there is nothing in the record to indicate he was given a copy of the amended information or reviewed the contents of that document with his attorney. However, in the statement of defendant on plea of guilty, Toliver-Steward attested to receiving a copy of the amended information. When asked at the sentencing hearing whether Toliver-Steward had a copy of the amended information, defense counsel replied in the affirmative. The court then directed Toliver-Steward to refer to it when entering his plea. The court also asked Toliver-Steward at the beginning of the hearing if he was aware he was being charged with one count of criminal mischief as provided in the amended information. Toliver-Steward responded, "I do." RP at 4. The record supports a finding that Toliver-Steward received and reviewed a copy of the amended information.

Third, Toliver-Steward argues that his case is different from *Zhao* because the sentencing court did not inquire on the record whether he understood the new charge or its elements. However, as the court in *Zhao* explained, "[w]hile Washington's rule requires the trial judge to determine that the defendant understands the nature of the charges, it does not contain comparable language requiring an inquiry in open court."

*Id.* at 201.  Although the court did not ask Toliver-Steward whether he understood the elements of the amended charge, the court asked Toliver-Steward if he understood he was being charged with criminal mischief *as outlined in the amended information*, to which Toliver-Steward replied "I do."  RP at 4.  The elements of criminal mischief are identified in the amended information.  Toliver-Steward acknowledged reading and understanding the amended information.  This is sufficient to show Toliver-Steward understood the charge he was pleading guilty to and its elements.

Finally, Toliver-Steward argues his case differs from *Zhao* because the court did not inquire whether he was aware he was pleading guilty to a charge that lacked a factual basis.  However, when the court asked if it could accept the affidavit in the case file as a basis for the plea, defense counsel replied that the basis for the plea was *Barr*.  Toliver-Steward signed the plea statement, attesting he understood all of the information therein.  The plea statement identified *In re Barr* as the factual basis for the charged crime.  Toliver-Steward also told the court his counsel explained the plea statement to him, he was "pretty sure" he understood it, and did not have any questions about it.  RP at 10.  From this evidence, one can reasonably conclude Toliver-Steward understood he was pleading guilty to a crime that lacked a factual basis.

We therefore find Toliver-Steward's guilty plea was knowingly, intelligently, and voluntarily made.

## CONCLUSION

The record indicates Toliver-Steward knew he was pleading guilty to an amended charge that lacked a factual basis. We conclude his guilty plea was made knowingly, intelligently, and voluntarily and affirm his conviction for criminal mischief.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.

9